The State v. Woodward.

THE STATE v. WOODWARD, *Appellant.*

1. **Criminal Pleading**: WOUNDING A HEIFER: INDICTMENT. An indictment for maliciously and feloniously shooting and wounding a heifer is sufficient, which, after alleging the venue and time, charges that defendant did " feloniously, wilfully, and maliciously wound a certain two-year-old heifer, the property of one Albert Musser, by then and there shooting said heifer in the left fore leg with a shotgun loaded with gunpowder and leaden shot, which said shot so discharged from said gun entered into the flesh of said heifer and through its skin, thereby causing and inflicting a wound on her left shoulder."

2. **Criminal Practice**: NEWLY-DISCOVERED EVIDENCE. Newly-discovered evidence which is only cumulative in character affords no ground for a new trial.

3. ———— : SEPARATION OF JURORS. The separation of one of the jurors in this case from his fellows held to afford no ground for disturbing the verdict.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

*B. G. Boone,* Attorney General, for the state.

(1) The instructions fully and clearly declared the law and were all that the evidence justified the court in giving. R. S., sec. 1374. (2) Where affidavits are filed for and against a motion for a new trial, the discretion of the trial court will not be interfered with unless defendant is prejudiced. *State v. Griffith,* 63 Mo. 545. (3) Statutes prohibiting separating of jurors should be reasonably construed. Where it appears that

no opportunity was afforded for a juror to have been tampered with or defendant prejudiced, he will not be heard to complain. *State v. Payton*, 90 Mo. 220; *State v. Collins*, 89 Mo. 245; *State v. Washburn*, 91 Mo. 571.

NORTON, C. J.—Defendant was tried in the Jasper county circuit court under an indictment charging him with maliciously and feloniously shooting and wounding a two-year-old heifer. He was convicted of the charge and fined one hundred dollars, and from this judgment he has appealed to this court, and no brief having been filed on his behalf, we are driven to an inspection of the record for ascertainment of the grounds on which he relies to support his appeal.

The first ground which the record presents is to the action of the court in overruling defendant's objection to the introduction of any evidence because of an alleged insufficiency of the indictment. This objection was properly overruled. Leaving out the formal parts of the indictment, it charges that, "on the —— day of August, 1885, at the county of Jasper and state of Missouri, Harry Woodward did then and there feloniously, wilfully, and maliciously wound a certain two-year-old heifer, the property of one Albert Musser, by then and there shooting said heifer in the left fore leg with a shotgun loaded with gunpowder and leaden shot, which said shot so discharged from said gun entered into the flesh of said heifer and through its skin, thereby causing and inflicting a wound on the left leg of said heifer," etc. The indictment charges the offence in the language and as laid down in the forms, is explicit, and in all respects sufficient.

It is also insisted that the court erred in overruling the motion for new trial, because of discovery of new evidence, and because the jury separated without leave of court or consent of parties. The alleged newly-discovered evidence was merely cumulative in its character

The State v. Woodward.

and afforded no ground for a new trial. *State v. Butler*, 67 Mo. 59. In *Cook v. Railroad*, 56 Mo. 380, it is said, motions for a new trial founded on newly-discovered evidence, cumulative in its character, "are regarded with a jealous eye, and construed with remarkable strictness by the courts, which generally hold, that they should be tolerated, not encouraged, viewed with aversion rather than with favor, granted as an exception and refused as a rule." See also, *State v. Ray*, 53 Mo. 345.

The separation of the jury, which affidavits accompanying the motion tended to establish, was that one of the jurors was allowed to separate himself from the other eleven to obey a call of nature, and that, during his absence, he had no opportunity of conversing and did not converse with any person, except to say as he passed the sheriff that it was a very cold day, to which the prosecuting attorney, who was standing by, responded that it was. Such an objection is frivolous in the extreme and is without the shadow of merit.

The instructions given by the court fairly presented the case to the jury, and no error being found in the record, the judgment is hereby affirmed, in which all concur, except Ray, J., absent.