## THE STATE v. BYBEE, Appellant.

### Division Two, May 23, 1899.

1. **New Trials**: NEWLY DISCOVERED EVIDENCE. Courts do not favor new trials on the ground of newly discovered evidence.

2. ————: ————: CORROBORATION OF DEFENSE. Where the affidavit, filed with a motion for a new trial on the ground of newly discovered evidence, discloses a statement whose sole purpose is merely to corroborate defendant's testimony on the one hand, and to impeach the prosecuting witness on the other, and no diligence is shown why such evidence was not offered at the trial, the motion should be overruled.

*Appeal from Benton Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

W. S. JACKSON for appellant.

(1) The court should have granted a new trial on the ground of the newly discovered evidence. State v. Murry, 91 Mo. 95; State v. Bailey, 94 Mo. 311; Howland v. Reeves, 25 Mo. App. 458; Anderson v. State, 43 Conn. 514; Wilcox Silver Plate Co. v. Barclay, 48 Hum. 56; Morse v. State, 108 Ind. 599; Kochel v. Bartlett, 88 Ind. 237; Wilson v. Plank, 41 Wis. 94.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

GANTT, P. J.—Defendant was indicted at the April term, 1897, of the Benton county circuit court for a felonious assault with intent to kill George England. The defendant was duly arraigned and the cause continued until April term, 1898, when he was tried and convicted and sentenced to the penitentiary for two years, from which he appeals.

The defendant and George England are farmers, living not far from each other in the south part of Benton county. On the morning of March 6 the difficulty occurred which resulted in defendant shooting at England three times with a revolver, and hitting him twice, one shot striking him in the left hip and the other in the arm. The wound in the hip joint was about two inches above, and one inch back, of the left hip joint. This wound proved to be very serious. England was confined to his bed for eight months from the effect of it. The wound in the arm was slight.

The shooting occurred in the public road very near to England's house. On that morning a neighbor by the name of McKie came to England's to buy a load of corn belonging to England's stepson, McFarland, a boy not yet of age. There was evidence tending to show that some months previous to this Bybee, the defendant, had been on the premises of England and the latter had called to him and inquired if he had a dollar which England claimed Bybee owed England's wife for services rendered. Bybee said he had not and England ordered him off. Bybee says that England pursued him with a pitchfork, but England denies this.

On the morning of the shooting Bybee passed England chopping wood, and says the latter made an insulting jesture as he rode by. Bybee met McKie who had come after the corn and stopped, he says, to fix his saddle, and while they stood there England came to them. Defendant testified that

England came up in an angry and threatening manner with a rock in his hand, and after some words Bybee shot him, whereas England testifies he was wholly unarmed and came to aid in loading the corn for McKie.

Several witnesses testified to remarks made by England during his illness after the shooting.

As often happens the evidence was very conflicting. The court fully instructed the jury and no error either in the admission or exclusion of evidence is assigned. The instructions are not challenged. The evidence was ample to sustain the verdict.

The only ground now urged for a new trial is the refusal of the circuit court to give a new trial on account of the newly discovered evidence of one Calvin Roberts.

Roberts made affidavit that about one month after the shooting, England stated to him that on the day of the trouble between himself and defendant he, England, was west of his house chopping wood when defendant rode by, and as defendant rode by, he, England, patted his rump at defendant; that he followed defendant to where he stopped to talk with McKie for the purpose of doing him up; and would have done so if defendant had not had his gun; that he picked up a rock and put it in his pocket but took it out before he got to defendant and held it in his hand, and did not attempt to climb back into his field until after defendant shot the third time.

McKie, who was certainly not a prejudiced witness for the State, testified he was present at the whole difficulty and saw no rock in England's hands. He says after all the shots were fired and England was wounded, England got over the fence into his own field, and undertook to pick up a rock but it proved to be a stump, and he let it alone.

Bybee testified that when England came up to McKie and himself, he had a rock in his hand. Bybee asked him if he came out there to make a fuss, and England cursed him

and said, "I will kill you," and kicked up a rock and stooped to pick it up, and "then I shot, and then he raised up and throwed at me and I shot again, twice as quick as I could."

The affidavit discloses a statement whose sole purpose is merely to corroborate defendant on the one hand and to impeach the prosecuting witness on the other hand. No new facts whatever are developed and it is utterly improbable that this testimony would produce a different result in a new trial.

It is utterly at variance with the theory of the defense. Defendant testified England was stooping down to pick up a rock when he shot him. This new evidence would establish that England came armed with a rock and already had it in hand. The circuit court refused to grant a new trial on this showing and we think it was right in so doing.

The courts very properly do not favor new trials on the ground of newly discovered evidence and there is nothing in the evidence offered or the diligence used to take this out of the general rule. [Cook v. Railroad, 56 Mo. 380; State v. Woodward, 95 Mo. 129.]

The judgment is affirmed. All concur.