**STATE of Missouri, Respondent,**

v.

**John Kenneth HURTT, Appellant.**

**No. 48061.**

Supreme Court of Missouri,

Division No. 2.

Oct. 10, 1960.

No attorney for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

LEEDY, Presiding Judge.

John Kenneth Hurtt was tried in the Jasper Circuit Court under an information charging him as an habitual criminal with the offense of robbery in the first degree. The jury found him guilty of that offense but it was unable to agree on his punishment. Upon returning a verdict so stating, the court accepted the same and fixed such punishment at life imprisonment. Although represented by counsel prior to and throughout the trial, no motion for new trial was filed. The verdict was returned April 28, 1959, and on May 13 (no motion for new trial having been filed and the normal ten-day period for such purpose not having been extended, Rule 27.20, V.A. M.R.) defendant was brought before the court, and in the presence of his attorneys (Orval Jewett and Jack Burress) was accorded allocution and sentenced to life imprisonment. Defendant's notice of appeal was not filed until February 17, 1960, and this was by virtue of a special order of this court made January 8, 1960, under Rule 28.07. A full transcript on appeal, containing more than 300 pages, was prepared and filed, apparently at the expense of the state, because the record shows that on the same day defendant filed his notice of appeal he also filed his motion to appeal as a poor person, alleging therein that he was "wholly insolvent, without funds and/or resources wherewith to perfect and progress his appeal." The record is silent, however, as to the court's ruling on this motion. Defendant has filed no brief.

Inasmuch as defendant failed to file a motion for new trial (his own motion for the special order hereinabove referred to expressly so states), there is nothing before us except those portions of the record we are required under Rule 28.02 to consider and render judgment on in the absence of assignments of error. State v. Cook, Mo., 331 S.W.2d 587, is one of the more recent in a very long line of similar authorities. Looking to those matters, we find the information to be in a form so often approved by this court (State v. Moody, Mo., 312 S.W.2d 816; State v. Hood, Mo., 313 S.W.2d 661) that we deem it unnecessary to even summarize its allegations. The form of the verdict returned by the jury was as follows (signa-

ture of the foreman omitted): "We the jury find the defendant John Kenneth Hurtt guilty of robbery in the first degree, as charged in the information, but cannot agree on his punishment." Thus it will be seen that having agreed upon a verdict of guilty and being unable to agree on the punishment, such a verdict was authorized under Rule.27.03, under which rule it became the duty of the court to assess and declare the punishment, and that assessed was within the range prescribed for the offense by § 560.135, RSMo 1949 and V.A. M.S. The judgment and sentence has been examined and it is in all things regular and sufficient. The judgment must, therefore, be affirmed, and it is so ordered.

All concur.