**Fred L. KIMBLE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57298.

Supreme Court of Missouri, Division No. 2.

Nov. 13, 1972.

Motion for Rehearing or Transfer to Court En Banc Denied Dec. 11, 1972.

Terry C. Allen, George R. Wilhoit, Jr., Hyde, Purcell, Wilhoit & Edmundson, Poplar Bluff, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

NINIAN M. EDWARDS, Special Judge.

This is an appeal by Fred L. Kimble from the Order of the Circuit Court of Butler County denying his Motion pursuant to Supreme Court Rule 27.26 V.A. M.R. to withdraw his plea of guilty entered on March 28, 1969 to the armed robbery of the Puxico State Bank in Stoddard County, Missouri, and to set aside the judgment and sentence for a term of sixteen (16) years.

The appellant in September 1968 was arrested on suspicion of having robbed a bank in Stoddard County, Missouri. After the complaint was filed in the Magistrate Court of Stoddard County charging this appellant and other persons with having committed this armed robbery he disqualified the Stoddard County Magistrate and the Butler County Magistrate was called in to conduct the preliminary hearing. The preliminary hearing was held and the appellant appeared in person and with retained counsel. He was bound over for trial in the Circuit Court of Stoddard County, together with his other co-defendants. Upon his application for change of venue the cause was transferred to the Circuit Court of Butler County, Missouri. The preliminary hearing was held on September 20, 1968 and subsequently on March 28, 1969 the appellant appeared in the Circuit Court of Butler County with his retained counsel where he withdrew his plea of not guilty and entered a plea of guilty. He was questioned by the Court, allocution was granted and he was sentenced to imprisonment for a term of sixteen (16) years with the Missouri Department of Corrections, which sentence he is now serving.

On January 11, 1971 appellant filed his Motion to Vacate charging (1) that he was denied effective assistance of counsel; (2) that his plea of guilty was involuntary; (3) that he was mentally incompetent when he entered the plea and that the sentencing court failed to investigate this fact and failed to notify him of his right to a mental examination by a doctor of his own choosing paid for by the State; and (4) that the trial court was prejudiced against him.

At the evidentiary hearing held on appellant's Motion he testified that on September 3, 1968, which was the same day of the alleged bank robbery in Puxico, Missouri, he was arrested and confined in the Butler County Jail; that he remained there overnight and was released on bond the next day, and that he remained free on bond from that time until November 6, 1968 when he was charged in Stoddard County which resulted in his being confined in the Pemiscot County Jail; that he remained in the Pemiscot County Jail from November

6, 1968 until the last part of February or first of March 1969, a period of some four (4) months. He complained that while he was there he was physically mistreated, resulting in a "busted lip" and two black eyes, and that while there he was interrogated by various enforcement officers who offered to release his sister and his girl friend from custody if he, the appellant, would plead guilty to the charge against him. He further described himself as being a drug addict and stated that he was withdrawing from this addiction while in jail which caused him to be ill and to be sick and he stated that certain officers told him that his habit would be taken care of if he would plead guilty and get it over with. Others testified to the effect that on visits into the Pemiscot County Jail they had observed that appellant had a "busted lip" on one occasion and two black eyes on other occasions. The appellant stated that upon his arrest he employed a lawyer of his own choosing and that this lawyer appeared with him at the preliminary hearing when he was bound over to the circuit court. He said his lawyer advised him that it would be well for him to enter a plea of guilty and that if he did so the girls (that is, his girl friend and his sister) would be released. He described his service in the United States Army wherein he was in the Corps of Engineers from 1961 to 1963 and admitted that he went A.W.O.L. several times. He testified that he was eventually court-martialed for going A.W.O.L. and he was given a bad-conduct discharge and sentenced to serve two (2) years in Leavenworth. He served approximately seven (7) months of the time given him and while there he received medication from the physician there for his nerves. He stated that he was treated regularly by a psychiatrist once or twice a week while he was there and that he had always been what you would call a nervous person. On cross-examination he observed that he did pass the physical examination at the time he entered the Army in 1961 and that upon his release from Leavenworth he returned to his occupation as a cabinet maker in St. Louis, where he worked regularly at that occupation. He also testified that he did have a physician that treated him in St. Louis upon his release from service and that the last time this physician saw him about his nervous condition was about 1965 or 1966. He said that he had never been in any mental institution, but he said that he is still taking pills at the present time for his nervous condition. He never has been in the State Hospital at Fulton and the treatment that he is receiving at the Missouri Penitentiary has been only at the main hospital.

The evidence offered by the appellant also showed that he was visited regularly by his parents and the parents of his girl friend while he was incarcerated in both the jail at Pemiscot County and the jail at Stoddard County. During the entire period of time from his arrest in September 1968 until he entered a plea of guilty in March 1969 he had the services of his retained attorney. Both his mother and father were present at the time he entered the plea of guilty, as were the mother and father of his girl friend. The records of the Sheriff of Butler County showed that prior to his plea of guilty he was returned to that County on February 10, 1969 and he remained in Butler County until March 28, 1969, the day he entered his plea of guilty. Though the appellant had testified that mace had been sprayed on him by the Sheriff of Butler County, the sheriff denied this in his testimony.

Appellant admitted that at the time of the entering of the plea of guilty his lawyer was with him and that he remembered the questions asked of him by the judge who presided at the hearing. He testified that he told the judge that he wanted to plead guilty and he recalled that the prosecutor made a statement of what was supposed to have happened in the bank robbery and he recalled the prosecutor stating to the judge that the prosecutor recommended a sentence of sixteen (16) years because of appellant's prior

clean record and no prior felony convictions. The appellant also testified that he recalled his attorney telling the Court at the time of his guilty plea that he thought appellant was entitled to leniency because of his clean record other than the trouble he had had in the Army.

As to appellant's contention that he was denied effective assistance of counsel, this record is devoid of any proof in support of this allegation or contention. On the contrary, the hearing disclosed that appellant shortly after his arrest in September 1968 employed counsel of his own choosing and that he had the assistance of this attorney continually from the time of his arrest until his plea of guilty in March 1969. His retained attorney appeared at the preliminary hearing in his behalf and it appears from his own testimony at this hearing that he had numerous discussions with his attorney following the preliminary hearing as to whether or not he should indeed enter a plea of guilty to the charge placed against him. Further, the appellant admitted that at the hearing held at the time of the entering of his plea, his attorney made a plea in his behalf to the Court seeking leniency in the sentencing process. Upon consideration of the entire record on this hearing we conclude, as did the trial court, that appellant's contention of ineffective counsel is without merit.

Appellant also contends that his plea of guilty entered was involuntary. In his brief filed in this Court he also contends the trial judge failed to comply with Supreme Court Rule 25.04, and further that the trial court failed to ascertain whether appellant's plea was a result of coercion, duress, mental anguish, threats or mental incompetence. It should be noted, however, that appellant did not contend in the trial court either in his Motion to Vacate or at the hearing thereon that there was a failure by the sentencing court to comply with Supreme Court Rule 25.04, thus this claim is not before us on this appeal. Shoemake v. State of Missouri, 462 S.W.2d 772. The appellant did contend below that he was mistreated physically while incarcerated and that there was a failure of the trial court to provide a hearing on his mental conditions and their effect, if any, upon his ability to stand trial or to assist his counsel. In either event, again the record is devoid of any evidence to support these contentions of sufficient nature to support the relief requested in this motion.

During the entire period of his incarceration, when appellant claims he was mistreated, he was represented by his retained counsel. While the employment of counsel by the appellant does not in and of itself defeat the appellant's right to contend that his plea was involuntary, it is nevertheless a matter to be considered by this Court in making this determination. In addition thereto, the appellant did have the burden of proof and the trial court had the right to reject the testimony of appellant of alleged mistreatment in making its findings on the voluntary nature of this plea. Shoemake v. State of Missouri, 462 S.W.2d 772.

Exhibit One, which is the transcript of the hearing before the sentencing trial judge, shows that appellant was read his indictment and questioned extensively by the Court concerning his participation in the charged bank robbery. As noted above, appellant was present in Court with his lawyer, with his mother and father and with other friends who had visited him regularly during his incarceration in jail. Appellant frankly admitted at the hearing on his motion that he recalled the proceedings and he recalled the discussion between the prosecuting attorney and the Court of the recommended sentence of sixteen (16) years and he recalled his counsel's plea to the Court for leniency in his behalf. He further testified that he discussed the plea of guilty with his attorney prior thereto because he noted that his attorney advised him he thought it would be better for him

if he did plead guilty through the reduced sentence that he might receive. Clearly, just as the trial court found, there is nothing in this record that would indicate that a manifest injustice could have resulted from the acceptance of this plea. This *record shows clearly that appellant entered* the plea voluntarily and with an understanding of the nature of the charge placed against him. State v. Mountjoy, Mo., 420 S.W.2d 316.

■ As to the contention that the trial court failed to provide appellant with a hearing on his mental condition, the most that could be said for appellant's evidence in this regard is that he testified he was a nervous person. His mother testified he had been nervous most of his life. While he did say that he had received treatment for nervousness while serving his court-martial sentence in 1962 or 1963, yet, when he was discharged from the service, he was regularly employed as a cabinet maker in St. Louis, Missouri, from 1966 until he was arrested in 1968. He was never hospitalized for a nervous condition or a mental condition and, in fact, to date has never been hospitalized for a mental condition. Clearly there was not sufficient evidence to support this contention and the trial court's finding herein that movant did not prove by a preponderance of the evidence that he was incompetent or unfit to proceed at the time he pleaded guilty and, the further finding by the trial court that movant at the time of his hearing was clearly competent, is abundantly supported by the record in this case.

■ There was no evidence offered by the appellant in support of his claim that the sentencing trial court was prejudiced against him and, therefore, that contention must also be denied.

We find and hold that the findings of fact of the trial court are not clearly erroneous and its conclusions of law were correct. The judgment is affirmed.

All of the Judges concur.