**STATE of Missouri, Respondent,**

**v.**

**John Kenneth HURTT, Appellant.**

**John Kenneth HURTT, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**Nos. 48061, 56899.**

Supreme Court of Missouri,
Division No. 2.

April 8, 1974.

Motion for Rehearing or to Transfer to Court en Banc Denied May 13, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

William J. Fleischaker, Public Defender, Jasper County, 29th Judicial Circuit, Joplin, for movant-appellant.

MORGAN, Judge.

Jurisdiction over the consolidated appeals considered herein lies with this court as both Notices of Appeal involved were filed prior to January 1, 1972; thus falling under pre-amendment Article V, Section 3 of the Missouri Constitution of 1945, V.A.M.S.

Appellant was tried for first degree robbery as an habitual criminal. Transcripts of two prior convictions for robbery, one from Nebraska and one from Missouri, were introduced to support the habitual criminal charge. The jury returned a verdict of guilty but was unable to agree as to punishment. The trial judge, therefore, pronounced sentence of life imprisonment. Appellant was tried and sentenced under the habitual criminal statute of 1949. No motion for new trial was filed; however, appellant did receive permission from this court to file an appeal out of time. The conviction was affirmed on appeal, State v. Hurtt, 338 S.W.2d 876 (Mo.1960).

In 1968 appellant filed a motion to vacate judgment and sentence under Supreme Court Rule 27.26, V.A.M.R. The main points of this motion included: *first*, judgment and sentence of life imprisonment was unconstitutional, null and void as an extra-judicial decree of law; *second*, appellant was denied a fair trial by his appointed counsel's refusal to file a motion for new trial and appeal; *third*, the use of appellant's prior Nebraska conviction to support the habitual criminal charge denied appellant due process of law, as that conviction was based on an invalid plea of guilty. No attack was made on appellant's prior Missouri conviction. The trial court overruled appellant's motion and an appeal was filed. Subsequently we ordered our previous opinion in State v. Hurtt, supra, set aside, after finding that appellant had not been represented by counsel on that appeal, Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L. Ed.2d 33, and reinstated the case on our docket. These appeals were then consolidated for argument and decision.

Turning first to the appeal from appellant's original conviction, we find, and appellant concedes, that his prior Nebraska conviction was admitted into evidence at trial without objection. Furthermore, it is undisputed that appellant filed no motion for new trial. In view of these facts nothing has been preserved for appellate review. "Constitutional questions can be waived by failing to preserve the issue for appellate review or by ignoring procedural requirements which serve a legitimate state interest. * * * Our procedural requirements for objections to be made to the admission of evidence and for assignments of error to be set forth in a motion for new trial unquestionably serve a legitimate state interest essential to orderly procedure. . . ." State v. Phelps, 478 S.W.2d 304, 1. c. 308 [11, 12] (Mo. 1972). See also State v. Tyler, 454 S.W.2d 564, 567 (Mo.1970), and State v. Bryson, 506 S.W.2d 358 (Mo.1974).

Appellant urges that the introduction into evidence of the record of his prior, and allegedly invalid, Nebraska conviction can be reviewed under our Rule 27.-20(c) as plain error. In order to invoke the plain error rule there must be a "'sound, substantial manifestation . . . a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked.'" State v. Caffey, 457 S. W.2d 657, 1. c. 660 [4, 5] (Mo.1970). Appellant here fails to make such a showing. On the contrary, the transcript of appellant's trial indicates strong evidence of guilt including, inter alia, appellant's confession, statements to the police, testimony of the alleged accomplice and multiple eyewitness identifications, much of which was uncontroverted. When guilt is established by such overwhelming evidence no injustice or miscarriage of justice will result from a refusal to invoke the rule. State v. Caffey, supra. Likewise no injustice will result from affirmance of this judgment of conviction.

We now consider the appeal from the trial court's unfavorable ruling on appellant's motion for post-conviction relief under our Rule 27.26. Appellant's motion raised the three points mentioned above. In appellant's brief on this appeal he admits that the sentence of life imprisonment imposed by the trial court was within the limits of punishment for first degree robbery under § 560.135, RSMo 1949, V.A.M.S.; and, therefore abandons the first point of his motion.

In its Findings of Fact and Conclusions of Law, after the evidentiary hearing on this motion, the trial court found that it was doubtful that appellant ever requested his trial counsel to file a motion for new trial, but if such a request had been made it was made after the time for filing such a motion had passed. The Court based these findings on the fact that appellant made no complaint about the failure to file a motion for new trial until after the death of the attorney accused of that failure; the appellant's co-counsel at trial had never received or heard of such a request; appellant's own testimony showed that he didn't express the alleged desire to file a motion for new trial until after the time for filing had expired; and the only testimony supporting the existence of such a request was that of the appellant. In a motion under Rule 27.26 the trial court is not required to believe movant's testimony. Rhoades v. State, 504 S.W.2d 291, 293 [2] (Mo.App.); Kimble v. State, 487 S.W.2d 544 (Mo. 1972). The trial court here did not believe movant's version of the facts, and ruled accordingly. This ruling is not clearly erroneous and, therefore, must be upheld. Goodloe v. State, 486 S.W.2d 430 (Mo. 1972); Richardson v. State, 470 S.W.2d 479 (Mo.1971); Crosswhite v. State, 426 S.W. 2d 67 (Mo.1968).

The remaining point of contention on this appeal, as succinctly stated in appellant's brief, is whether or not appellant is entitled to relief because of the introduction into evidence of the record of his prior Nebraska conviction at his original trial. Appellant urges that his prior Nebraska conviction is constitutionally infirm. Since, assuming arguendo the invalidity of this prior conviction, this point must still be ruled against appellant; it will be unnecessary to decide the question of the validity of appellant's prior Nebraska conviction; but, we do note that the trial court on remand determined that the appellant's prior Nebraska conviction was entirely valid.

Appellant relies on the case of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L. Ed.2d 319 (1967), wherein the Supreme Court of the United States held that the use of invalid prior convictions under the Texas recidivist statute was inherently prejudicial. An essential difference between the Burgett case and the case at bar is that in Burgett all the prior convictions submitted were infirm; whereas here there was at least one valid prior conviction, the prior Missouri conviction, which was all that was necessary to satisfy § 556.280, RSMo 1949, V.A.M.S., the habitual criminal statute under which appellant was tried. This important distinction is pointed out in Gerberding v. Swenson, 435 F.2d 368–370 (8th Cir. 1970), cert. denied, 403 U.S. 906, 91 S.Ct. 2211, 29 L.Ed.2d 682. The issue in Gerberding was identical to that presented by the instant case, ". . . whether a conviction obtained in a one-stage penalty enhancement trial is constitutionally infirm, where one of three prior felony convictions admitted on the enhancement issue was retroactively invalid for lack of counsel, and where only one prior felony conviction is necessary to support enhancement of punishment under the Second Offender Act in question. . . ." Similarities do not end there; Gerberding was convicted under the same recidivist statute as was appellant, § 556.280, RSMo 1949, V.A.M.S. One of the three prior convictions submitted at Gerberding's trial was constitutionally infirm for lack of counsel. The federal district court, basing its decision on Burgett, supra, ruled that the use of

this invalid prior conviction was inherently prejudicial and tainted the entire proceeding requiring a reversal.

The 8th Circuit Court of Appeals disagreed:

". . . The *Burgett* case, while it started out as a recidivist trial, did not end up as one, and the court there only determined that convictions called to the attention of the jury, but not admitted into evidence, were prejudicial.

It does appear that the State is being unduly faulted for a trial error made at a time when it was constitutionally permissible under Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), to use a conviction obtained against a defendant who was not represented by counsel. Under the factual situation of the instant case, where two other valid prior felony convictions were proved to the jury, it clearly appears that Gerberding was not prejudiced by the use of the now constitutionally infirm earlier conviction. The two admittedly valid prior convictions were more than sufficient to call for application of the enhanced penalty. . . . As to whether or not the use of the invalid conviction was so inherently prejudicial as to affect the substantive guilt-finding process, this case would appear to be a proper one for the application of the 'harmless error' rule. . . ."

The opinion is in essential agreement with the conclusions reached by this court in Gerberding v. State, 448 S.W.2d 904, 906 (Mo.1970).

It should also be recognized that § 556.-280, RSMo 1949, V.A.M.S., under which appellant was tried, convicted and sentenced required a penalty of life imprisonment for second offenders.

Section 556.280, RSMo 1949, V.A.M.S., provides:

"Second offense, how punished.—If any person convicted of any offense punish-able by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be discharged, either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished as follows:

(1) If such subsequent offense be such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for life, or for a term which under the provisions of this law might extend to imprisonment for life, then such person shall be punished by imprisonment in the penitentiary for life;

(2) If such subsequent offense be such that, upon a first conviction, the offender would be punished by imprisonment for a limited term of years, then such person shall be punished by imprisonment in the penitentiary for the longest term prescribed upon a conviction for such first offense;

(3) If such subsequent conviction be for an attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, the person convicted of such subsequent offense shall be punished by imprisonment in the penitentiary for a term not exceeding five years."

Section 560.135, RSMo 1949, V.A.M.S., requires:

"Robbery by means of dangerous and deadly weapons—penalty.—Every person convicted of robbery in the first degree by means of a dangerous and deadly weapon shall suffer death, or be punished by imprisonment in the penitentiary for not less than five years, and every person convicted of robbery in the first degree by any other means shall be punished by imprisonment in the penitentiary for not less than five years; every person convicted of robbery in the second

degree shall be punished by imprisonment in the penitentiary not exceeding five nor less than three years; every person convicted of robbery in the third degree shall be punished by imprisonment in the penitentiary not exceeding five years."

Under the statute in question the court, upon the jury's finding that appellant had one prior conviction, had absolutely no discretion in sentencing appellant, but was required to impose a sentence of life imprisonment. Thus it can readily be determined that this is not a proper case for the application of the rule enunciated in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). There, the Supreme Court stated that where a penalty enhancement statute allows the trial judge discretion in sentencing, and one of the prior convictions entered into evidence is invalid, the original sentence will be set aside; and the trial court will be required to resentence the defendant after taking into consideration the invalidity of one or more of the prior convictions originally considered.

Appellant also relies on Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) for the proposition that use of an allegedly invalid conviction to impeach appellant's testimony was fatally prejudicial. In the Loper case the defendant was accused of raping an eight year old girl. The trial consisted essentially of pitting defendant's credibility against that of the complaining witness. Thus in Loper the admission of three invalid prior convictions to impeach the defendant went to the heart of the defense, making a finding of harmless error virtually impossible.

Conversely, in the instant case the allegedly invalid conviction was not used to impeach appellant on the basic issue of guilt or innocence, but went only to rebutting the testimony of the officer who took appellant's statement. As previously indicated, there was sufficient evidence shown in the record to convict appellant without consideration of this statement. Indeed the appellant suffered other attacks

upon his credibility, such as self-contradictory statements and testimony of contradictory witnesses. Thus it can be seen that Loper is clearly distinguishable from the instant case; and this point is ruled against appellant.

Finding no reviewable error on the original appeal, and finding further that the decision of the trial court on appellant's motion under Rule 27.26(i) has not been shown to be clearly erroneous, both judgments are affirmed.

All of the Judges concur.