**JEFFRIES v. UNITED STATES.**
**No. 13775.**

United States Court of Appeals
Ninth Circuit.
June 30, 1954.

Warren A. Taylor, Fairbanks, Alaska, for appellant.

Theodore F. Stevens, U. S. Atty., T. N. Gore, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before STEPHENS, HEALY and POPE, Circuit Judges.

POPE, Circuit Judge.

The appellant was found guilty under an indictment charging him with the larceny of two electric ranges. The evidence of his guilt was adequate. It was shown that on the occasion in question, during the early morning hours, two police officers in a patrol car drove past a place upon one of Fairbanks' city streets where men were apparently moving boxes from a trailer truck into a panel truck, the rear of which stood a few feet from the rear of the trailer truck. As the patrol car passed the place where this operation was proceeding, one of the men moving the boxes looked directly toward the officers who noted that he was the appellant. The police officers stopped their car and went back to investigate and as they did so the appellant started to run whereupon the officers gave chase. They lost sight of him momentarily but subsequently caught up with him. Although he had then slowed his pace to a walk, he was breathing very hard and sweating. He was recognized to be the man who was transferring the boxes from one truck to another and was placed under arrest. It was found that the panel truck was owned by the appellant and it contained two crated electric stoves which had been taken from the trailer truck which had been loaded with such stoves. An additional crated stove had been left halfway between the two trucks. When he was arrested the appellant gave a false name.

After his conviction appellant made a motion for a new trial which was supported by an affidavit purporting to disclose newly discovered evidence. The affiant was one Fred Carroll who described himself as a "truck driver when employed". Carroll swore that on the eve-

ning in question he met a man whom he knew only as "Bob", and who, the affidavit stated, had now left the Territory; that Carroll and Bob undertook to steal the electric ranges and in order to accomplish this stole the appellant's truck which was parked on a street in Fairbanks and the two men drove to the trailer truck which contained the crated stoves; after they had moved two crates and were moving a third, the police car came by and began to back up whereupon Carroll and Bob fled in two different directions. Carroll stated that he made his affidavit for the purpose of preventing the appellant from being punished for something Carroll and another man did.

The assignment of error here relates to the refusal of the trial court to grant the motion for a new trial upon this alleged newly discovered evidence.[1]

 It should be noted that the judge who passed upon and denied this motion had tried the case and heard all of the evidence. As in United States v. Johnson, 327 U.S. 106, 112, 66 S.Ct. 464, 466, 90 L.Ed. 562, we must say that: "Consequently the trial judge was exceptionally qualified to pass on the affidavits." The trial judge was not obliged to believe the affidavit or to accept it at face value or to find that Carroll, painting himself as a felon, in fact did the things set forth in the affidavit. We assume, as the record requires us to do, that the trial judge in denying the motion, found the facts against the appellant. We hold that such findings are within the competence and discretion of the trial judge who might well conclude that the facts disclosed at the trial were so convincing that Carroll's affidavit was unworthy of credit. As stated in United States v. Johnson, supra, 327 U.S. at page 113, 66 S.Ct. at page 467: "While a defendant should be afforded the full benefit of this type of rectifying motion, courts should be on the alert to see that the privilege of its use is not abused. One of the most effective methods of preventing this abuse is for appellate courts to refrain from reviewing findings of fact which have evidence to support them."

██ While what we have thus stated would appear completely to dispose of the contention here presented, we cannot refrain from commenting upon the fact that the Judge in examining this alleged newly discovered evidence could properly have in mind the fact that it might never be available evidence at all should he grant the requested new trial. Carroll when called on the new trial could refuse to testify by reason of his privilege against self incrimination. In that event his affidavit purporting to confess the crime itself would be inadmissible under the rule of Donnelly v. United States, 228 U.S. 243, 273, 33 S.Ct. 449, 57 L.Ed. 820.

Whether in every case of this character, that which is claimed to be newly discovered evidence must be evidence which demonstrably would be available upon the new trial, see Hutchins v. State, 151 Ind. 667, 52 N.E. 403; and Powers v. State, 168 Miss. 541, 151 So. 730, yet certain it is that the possibility of grave abuse which might be accomplished through a "run-around" of the character described in the Mississippi case mentioned, should cause a trial judge to proceed with great caution in a case of this character.[2]

The judgment is affirmed.

1. Appellant's brief contains an assignment of error relating to the court's refusal to direct a verdict of acquittal. In his notice of appeal the appellant filed a statement of his "grounds of appeal" which specified only the alleged error in overruling the motion for a new trial. Even if appellant did not thereby limit himself to the single point thus stated, it is obvious that a claim of error for failure to direct a verdict of acquittal is frivolous.

2. Mr. Wigmore's disagreement with the possibility of such a contrivance was noted by the Mississippi court. Although Mr. Wigmore disagrees with that court as well as with the opinion in Donnelly v. United States, (noting that most American courts are against his views, Wigmore on Evidence, 3d Ed. § 1476, Vol. V, p. 283), he also notes that a different situation is presented where an alleged third person's confession is sought to be made the basis for a motion for new trial, citing Ives v. People, 86 Colo. 141, 278 P. 792.