**Hubert MASON, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 5798.

United States Court of Appeals
Tenth Circuit.

June 25, 1958.

Certiorari Denied Oct. 13, 1958.
See 79 S.Ct. 52.

Raymond D. Buckles, Denver, Colo., for appellant.

John S. Pfeiffer, Denver, Colo. (Donald E. Kelley, Denver, Colo., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

MURRAH, Circuit Judge.

On this appeal from a judgment on conviction for unlawful possession of narcotics (21 U.S.C.A. § 174) the appellant first complains of the sufficiency of the evidence to support the jury verdict.

The evidence on behalf of the government was to the effect that while two narcotic agents and two Denver city detectives had the appellant's home under daytime surveillance, the narcotic agents saw the appellant, Mason, and one Daniels leave Mason's home, enter Mason's automobile and drive away. The narcotic agents so informed the city detectives by radio, and followed the Mason car from a distance of about one block; the city detectives approached the Mason car from a different direction and drove in front of it at the intersection of 35th and High Streets in Denver. When they sounded their siren, the Mason car turned abruptly to the left into High Street, and proceeded at a rapid rate of speed, probably forty miles per hour, with the detectives and narcotic agents in pursuit. The Mason car was traveling on the left side of the street, the detectives on the right side and slightly behind. The narcotic agents were traveling about a half block to the rear and on the left, or the same side as the Mason car. Both the Mason car and the detectives' car ran the stop light at 34th and High, and as they approached 33rd Street, one of the detectives fired shots into the Mason car's tires, causing it to stop about a half block away. The narcotic agents testified after the tires had been punctured, but before the car stopped, they saw appellant Mason ex-

tend his left hand through the door of his car and drop an object to the pavement. After the cars stopped, and while Mason and his companion were being arrested by the detectives, the narcotic agents walked back to 3248 High Street, where they picked up a cellophane package containing seventy capsules, later found to contain heroin. The officers and the two arrestees returned to the Mason home, and with the consent of Mason, the officers proceeded to search the house and premises. They found a box containing several hundred gelatin capsules in a trash barrel at the back of the house, and another cellophane wrapper containing a number of white capsules under the dog house. They also found a cigarette package containing three cigarettes and one gelatin capsule containing heroin in the yard. They found a cellophane wrapper similar to that used to wrap the heroin capsules in a frying pan in the house.

The appellant takes the position that the testimony of the agents to having seen a small item one inch in thickness and two inches in length, thrown from a speeding automobile at a distance of a half block, is unacceptable as a matter of law, and ought to be disregarded; that disregarding this testimony, the government's case is entirely circumstantial and as consistent with innocence as with guilt, and therefore insufficient as a matter of law. But the testimony of the narcotic agents and one of the detectives was direct and positive to the point; it was competent evidence and entirely sufficient, together with other incriminating evidence, to sustain a guilty verdict. And see Harbold v. United States, 10 Cir., 1958, 255 F.2d 202.

■ In the trial of the case, one of the government's agents testified concerning an interview with the appellant and his companion at the Intelligence Bureau of the Denver Police Station. On cross examination, the agent was asked whether the appellant's companion was present during the interrogation. When told that they were not in the same room, the agent was asked whether the companion made any statement to the agent, to which the government objected on the grounds that it would be hearsay. The court sustained the objection as hearsay and inadmissible as such. Appellant's counsel took the position that the hearsay rule was for the benefit of the accused, and that "if we open the door and it was detrimental, we will suffer the consequences." No further record was made concerning the nature of the companion's statement. On appeal, the appellant complains of the ruling of the court, saying that having waived the hearsay rule, he should have been permitted to inquire concerning whether appellant's companion made any statements to the agents which might have aided the appellant's cause.

■ No authorities are suggested to support the admissibility of the extrajudicial statement. Assuming, however, that the companion did make a voluntary confession or statement to the narcotic agent exculpating or exonerating the accused, modern and convincing authorities support its admissibility as a statement of a fact against penal interest. See Holmes dissenting in Donnelly v. United States, 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820; Hines v. Commonwealth of Virginia, 136 Va. 728, 117 S.E. 843, 35 A.L.R. 431; Annotation, 35 A.L.R. 441; Annot. 167 A.L.R. 394; Restatement A.L.I. Model Code on Evidence, Rule 509, p. 225; Vol. V Wigmore on Evidence, 3d Ed., § 1476, p. 281. But, there is no showing that the statement, if made, was voluntary and against the penal interest of the declarant. If the appellant had reason to believe that an exculpatory statement was voluntarily made against the penal interest of the declarant, it was incumbent upon him to request the court to conduct an appropriate inquiry in the absence of the jury to determine admissibility. See United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48; Schaffer v. United States, 5 Cir., 221 F.2d 17, 54 A.L.R.2d 820. On its face the question called for a hearsay answer, and we do not think the court erred in refusing to

permit the appellant to interrogate the agent in the presence of the jury concerning the statement, merely in the hope that he would turn up something favorable.

The judgment is affirmed.