**UNITED STATES of America,
Appellee,**

v.

**Alfred DOVICO, Appellant.**

**No. 455, Docket 30958.**

United States Court of Appeals
Second Circuit.

Argued May 9, 1967.

Decided June 19, 1967.
Certiorari Denied Nov. 6, 1967.
See 88 S.Ct. 308.

F. Lee Bailey, Boston, Mass. (Alan Dershowitz, Cambridge, Mass., on the brief), for appellant.

Michael S. Fawer, Asst. U. S. Atty., So. Dist. of New York (Robert M. Morgenthau, U. S. Atty., Otto G. Obermaier and Michael W. Mitchell, Asst. U. S. Attys., on the brief), for appellee.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Alfred Dovico appeals from a judgment of conviction in the United States District Court for the Southern District of New York, Irving Ben Cooper, Judge, sitting without a jury, for violating 21 U.S.C. §§ 173, 174. Appellant was indicted with one Paul Gangi who pleaded guilty and who did not testify in appellant's trial. Appellant Dovico was tried and convicted by Chief Judge Sidney Sugarman, sitting without a jury, and his conviction was affirmed on appeal. 329 F.2d 52 (1964). Dovico, in September 1964 moved for a new trial on the basis of newly discovered evidence; to wit, an affidavit of one Raphael Plattner which stated that while Plattner and Gangi were fellow inmates at Danbury Federal Correctional Institution, Gangi had told Plattner that Dovico was innocent and that Gangi had committed the crime without Dovico's knowledge. The affidavit further stated that Gangi had stated that he had not disclosed this information earlier because of fear of further prosecution.

Gangi died in December 1964, and in January 1965 Judge Sugarman set aside Dovico's conviction on the basis that the newly discovered evidence related by Plattner was material and would be admissible in a new trial as a declaration again Gangi's social interest. A new trial was had before Judge Cooper, who struck testimony as to Gangi's statements and again found Dovico guilty. 261 F. Supp. 862.[1] We find no error and affirm the judgment.

The trial testimony was to the following effect:

One Santiago, an informant, had agreed to purchase an ounce of cocaine from Gangi for $550, paid Gangi by Santiago. When Santiago arrived at Gangi's pizza shop he was told that the cocaine had not been delivered there. Gangi had not been delivered there. Gangi made several telephone calls and left the shop for about five minutes. On his return Gangi and Santiago cruised around but failed to locate the claimed supplier. The next evening Dovico came to the vicinity of the pizza shop and talked with Gangi. Dovico then left. Santiago, preceded by an undercover agent, entered the shop. After about an hour, Dovico entered with a young girl, ordered pizza pies, crumpled a brown paper bag in some paper napkins and waxed paper, dropped them in a trash receptacle and left with the girl. Gangi then went to the trash receptacle, removed the napkins and the brown paper bag and handed the bag, which proved to contain the cocaine, to Santiago.

At the retrial Judge Cooper permitted Plattner and others to testify that Gangi had said the Dovico was innocent, that Gangi had placed the narcotics in the receptacle without Dovico's knowledge or participation, that Gangi was solely responsible and that Gangi had not so testified at Dovico's trial because of fear of further prosecution. The court later excluded the testimony and further found that it was "devoid of credibility and of insufficient weight to lead this Court to find reasonable doubt * * *."

■ Appellant urges that the court should broaden the declaration against interest exception to the hearsay rule to

---

1. Judge Cooper concluded, and the parties agreed, that while Judge Sugarman had expressed the view that Plattner's statements would be admissible in a new trial, the final determination of their admissibility rested in the sound discretion of the judge who actually conducted the trial.

include social and penal as well as pecuniary and proprietary interests. While it may be that penal and perhaps social interests should be included,[2] this case does not present the appropriate vehicle for such inclusion. Even if we should ignore the fact that Judge Cooper discredited the testimony that Gangi had made any such statements, as well as stated that the alleged statements by Gangi would not have changed his verdict anyway,[3] the statements are inadmissible, for they are not definitely against Gangi's penal or social interests. He was already serving time for the violation admitted and his plea of guilty was already a reliable admission of guilt. He could not be prosecuted for the "declaration against penal interest." He had not testified at the trial and was not exposed to any possible perjury charge. Any possibility of prosecution for other offenses based on the revelation that Gangi committed the crime singly and therefore was a "bigger man" or on the implication that the government would spitefully prosecute someone who uncovered an unfair conviction is too remote to make the declaration reliable. Even a broadened penal interest exception must have some boundaries and must be limited at least to statements admitting a particular crime for which prosecution is possible at the time. Judge Sugarman recognized that the statements would not be admissible as against penal interest, but felt that they would be against "social interest." Judge Cooper, on the showing made on the second trial, held the statements not admissible as against social interest.[4] With this ruling we agree.

We need not rule here on whether a social interest exception in the terms proposed in the Model Code of Evidence and in the Uniform Rules of Evidence Act[5] should be recognized. Judge Cooper was correct in ruling that the proof here fell short of any showing that the statement was against any definable social interest of Gangi. The only evidence of any effect on his standing in the prison community was Plattner's opinion, which Judge Cooper did not credit, and properly so, for in addition to

2. Declarations against penal or social interest have not been generally recognized in the federal courts as exceptions to the hearsay rule. Donnelly v. United States, 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820 (1913). There has, however, been a growing tendency in the courts to follow Mr. Justice Holmes' dissent in *Donnelly* and recognize an exception for declarations against penal interest, with support from commentators and codifiers. See, e. g., People v. Spriggs, 60 Cal.2d 868, 36 Cal.Rptr. 841, 389 P.2d 377 (Calif.1964); Mason v. United States, 257 F.2d 359 (10th Cir. 1958); Model Code of Evidence, Rule 509(1) (1942); Uniform Rules of Evidence, Rule 63(10) (1965).

3. Such an alternate finding may be considered on appellate review. United States v. Beigel, 370 F.2d 751, 755 (2d Cir. 1967), cert. denied, 387 U.S. 930, 87 S.Ct. 2049, 18 L.Ed.2d 989 (May 29, 1967).

4. The case demonstrates the possibly unmanageable nature of a "social interest" exception. Appellant asserts that both the admission of guilt and the withholding of the information of Dovico's innocence were against Gangi's social interest. But this assertion leaves many questions unanswered. What is the relevant community: Gangi's group in prison; the whole prison; prison generally; his friends outside prison; his community outside prison; the reasonable community, etc.? Because Dovico and Gangi had been friends, and also because Gangi might have been attempting to dispel the illusion that he was cooperating with the government, was the statement so clearly against his social interests as to make it reliable? Depending on the community selected and on the motivation of Dovico's discerned, the declaration could be both for and against social interest. Many difficulties would beset such a broadening of the exception. It would be difficult to define any reliable "against social interest" exception, and surely we could not recognize one so amorphous as that sought here, without a complete abandonment of the hearsay rule.

5. "* * * declaration is against the interests of a declarant if the judge finds that the fact asserted in the declaration * * * created such a risk of making him an object of hatred, ridicule or social disapproval in the community that a reasonable man in his position would not have made the declaration unless he believed it to be true."

Plattner's unreliability as a witness, it was quite plain that after Gangi's alleged statement, those alleged to have heard it, including Plattner, in the prison vernacular "stood with" (accepted) Gangi in spite of it.[6]

The ruling on the retrial excluding the hearsay testimony as to Gangi's alleged statements was correct. The evidence credited by Judge Cooper fully sustains the finding of guilt. The judgment is affirmed.

6. Plattner, R. p. 1491; Jacovino, R. pp. 1533–1537; Scorzello, R. pp. 1555–1559.