Jesse Louis **JONES**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22179.

United States Court of Appeals Ninth Circuit.

Aug. 15, 1968.

Rehearing Denied Sept. 6, 1968.

Edward L. Cragen, San Francisco, Cal., (argued), Jesse L. Jones, in pro. per., for appellant.

Mobley M. Milam (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before HAMLIN and MERRILL, Circuit Judges, and CROCKER, District Judge*.

HAMLIN, Circuit Judge.

Jesse Louis Jones, appellant herein, was convicted after a jury trial of charges contained in two counts of an indictment filed in the District Court for the Southern District of California, charging a violation of 21 U.S.C. §§ 173, 176a (unlawful importation of marihuana and narcotics). The appeal was timely made and this court has jurisdiction under 28 U.S.C. § 1291.

The record shows that appellant, a Negro, was driving his car across the Mexico-United States border at the port of San Ysidro on December 30, 1966. He was accompanied by Joseph Raymond Scott, a Caucasian. The automobile was stopped at the first inspection station and appellant and Scott were asked if they were American citizens and if they were bringing anything from Mexico. They answered that they were citizens and that they were not bringing anything into the country. Appellant was then asked to open the trunk of the car. When he got out to do so the Customs Officer noted that he appeared to be under the influence of "alcohol or something." In the trunk the Customs Officer noted that

there were clothing and things. He then told appellant to drive the car over to the secondary inspection station. There appellant and Scott were taken inside and were searched. Marihuana, heroin and dexedrine were found on their persons. They were then arrested and their indictment followed. Scott was indicted with appellant but they were tried separately on Scott's motion.

Appellant contends that he was arrested without probable cause at the border and that the resultant search therefrom was in violation of the Fourth Amendment. There is no merit to his contentions. We are not dealing here with a search incident to an arrest, but rather with a "border search." In other words, the search does not have to rely upon the lawfulness of an arrest to make it valid, but rather it need only be reasonable under the circumstances.

Probable cause is not necessary to support a border search, but mere suspicion is sufficient. Rivas v. United States, 368 F.2d 703, 709 (9th Cir. 1966); Murgia v. United States, 285 F.2d 14, 17 (9th Cir. 1960); Deck et al. v. United States, 9th Cir., 395 F.2d 89, May 7, 1968. In Bible v. United States, 314 F.2d 106 (9th Cir. 1963), cert. denied, 375 U. S. 862, 84 S.Ct. 131, 11 L.Ed.2d 89, this court held that defendant's demeanor was sufficient to cause suspicion when the record only showed that "he appeared nervous." [1]

There is nothing in this record to show that the search of appellant was in any way unreasonable, and therefore the subsequent arrest was valid. There was no error in the introduction of the seized evidence.

At the beginning of defendant's case, his counsel made an offer to prove that Scott made a statement, at the time ap-

* M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

[1]. Appellant herein stated in testifying, "Well, I guess I was a little tipsy. He [the Customs Inspector] must have noticed it."

pellant and Scott were arraigned before the United States Commissioner, that the narcotics found on appellant were his and that he had secreted them in appellant's coat.

The record shows that at the trial Scott was available to be called as a witness and was being held in a room next to the courtroom. The government prosecutor stated that he had no objection to Scott being called by appellant as a witness and that appellant's counsel could talk with Scott in regard to his being called. Under these circumstances the court denied appellant's motion to call the United States Commissioner as a witness. The record shows no attempt by appellant to call Scott as a witness.

■ The weight of authority is against the admission of hearsay evidence which is against a penal interest. E. g., Donnelly v. United States, 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820 (1913); Jeffries v. United States, 215 F.2d 225, 15 Alaska 83 (9th Cir. 1954). Many commentators have, however, criticized this rule stating that a statement against penal interests is as inherently reliable as is a statement against pecuniary interests. 5 Wigmore, Evidence (3d Ed.) §§ 1476, 1477; McCormick, Evidence, 549-53; Holmes, J., dissenting in Donnelly v. United States, 228 U.S. 243, 277, 33 S.Ct. 449, 57 L.Ed. 820. The state of California has, by both judicial decision and legislative enactment, provided that statements against penal interest are valid exceptions to the hearsay rule. People v. Spriggs, 60 Cal.2d 868, 389 P.2d 377, 36 Cal.Rptr. 841 (1964); California Evidence Code, section 1230.[2] Assuming, *arguendo*, that we were to adopt the California rule of admissibility, the trial judge still did not err by refusing to allow the questioned evidence in the case at bar because it was not shown that the hearsay declarant was unavailable as a witness. While the California Supreme Court held in *Spriggs* that unavailability was not required for admission of the hearsay evidence, the legislature included this requirement in its codification of the rule of this case. California Evidence Code, section 1230. Likewise, Wigmore has stated that unavailability of the declarant is a requirement for the admission of a hearsay declaration against interest. 5 Wigmore, Evidence (3d Ed.) §§ 1455, 1456. Under the circumstances of this case, we see no error on the part of the district court in refusing to admit the offered evidence.

■ Appellant next contends that the court erred in instructing the jury concerning the language contained in sections 174 and 176a of Title 21 of the United States Code which generally provide that "whenever on trial for a violation of this section the defendant is shown to have or have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." Appellant's claim of material variance between this instruction and the indictment is without merit. There is no variance in that 21 U.S.C. §§ 174 and 176a are specifically cited in the title to the indictment as well as in the titles to counts I and II. Nor do we see any other error in the giving of the above instruction. Klepper v. United States, 331 F.2d 694, 702 (9th Cir. 1964); United States v. Armone, 363 F.2d 385 (2d Cir. 1966).

■ Finally, appellant contends that the provisions of 21 U.S.C. §§ 174 and 176a which deem possession sufficient for conviction unless the defendant explains the same to the satisfaction of the jury are unconstitutional.

This question has been decided adversely to appellant by this court in numerous cases in the past. Juvera v. United States, 378 F.2d 433 (9th Cir. 1967); Brown v. United States, 370 F. 2d 874 (9th Cir. 1966); Agobian v. United States, 323 F.2d 693 (9th Cir. 1963).

Judgment affirmed.

2. Enacted 1965.