**Tony SCOLARI, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22567.**

United States Court of Appeals
Ninth Circuit.

Jan. 8, 1969.

Martin F. Bloom (argued), San Diego, Cal., for appellant.

Phillip W. Johnson (argued) Asst. U. S. Atty., Edwin L. Miller, U. S. Atty., San Diego, Cal., for appellee.

Before DUNIWAY, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Convicted under two counts of an indictment charging smuggling of merchandise which should have been invoiced, 18 U.S.C. § 545, Scolari appeals. We affirm.

Scolari drove a car across the border from Mexico. One Judi Taylor was a passenger in the car. Hidden in the spare tire were 10,000 amphetamine tablets, 5,000 seconal tablets and 24 packages of Keith Formula. Scolari's defense was that he did not know that the drugs were there. At the trial he sought to testify that Judi Taylor told him that she put the items in the tire and that he was not a party to it. The evidence was excluded.

Scolari urges that the testimony should have been allowed as an exception to the hearsay rule, on the ground that Taylor's declarations were against her penal interest. The weight of authority is against him. 5 Wigmore, Evidence §§ 1455–77 (3d Ed., 1940). To us, the most weighty authority is Donnelly v. United States, 1913, 228 U.S. 243, 272–277, 33 S.Ct. 449, 57 L.Ed. 820. See also Jeffries v. United States, 9 Cir., 1954, 215 F.2d 225, 15 Alaska 83, and compare Jones v. United States, 9 Cir., 1968, 400 F.2d 134, 136. The rule excluding hearsay declarations against penal interest, even though hearsay declarations against pecuniary interest are admitted, has been criticized and in some cases has been repudiated.[1] It has been suggested that Rule 26, F.R.Crim.P., confers on us some general authority to decline to follow Supreme Court precedent in ruling on the

1. See Donnelly v. United States, supra, 228 U.S. at 277, 33 S.Ct. 449 (Holmes, J., dissenting); Jones v. United States, supra; United States v. Dovico, 2 Cir., 1967, 380 F.2d 325, 327 & n. 2; Mason v. United States, 10 Cir., 1958, 257 F.2d 359; State v. Larsen, 1966, 91 Idaho 42, 415 P.2d 685; People v. Spriggs, 1964, 60 Cal.2d 868, 36 Cal.Rptr. 841, 389 P.2d 377; People v. Lettrich, 1952, 413 Ill. 172, 108 N.E.2d 488. See also Cal.Evid. Code, § 1230; Wigmore, op. cit.

admissibility of evidence. See 8 Moore's Federal Practice § 26.02. But assuming that we have that authority, and particularly because we ourselves in *Jeffries,* supra, have followed *Donnelly,* supra, we do not think that we should exercise that authority here. We think it more appropriate to apply, in this case, the views expressed by Judge Holtzoff in United States v. Heideman, D.D.C., 1958, 21 F.R.D. 335, 337: "Necessarily, the common law applied by the federal courts is determined by the Supreme Court of the United States on all points on which that tribunal speaks." We leave to a more propitious occasion the question as to how old, or how badly reasoned, or both, a Supreme Court decision on a question of evidence must be before we are to feel free to refuse to follow it.

Affirmed.