SUMMERS, Justice
(dissenting).
Aside from my objection to the “per curiam” nature of this opinion, I dissent be *77 cause the opinion fails to establish whether the exception to the hearsay rule which defendant seeks to invoke is acceptable to Louisiana or not. Since I believe it should be accepted in this State, I believe the ruling of the trial judge was erroneous.
Extrajudicial confessions and admissions of third parties in crime cases are excluded because their introduction into evidence is held to be in violation of the hearsay rule. Hearsay evidence is excluded, to state the reason briefly, because it lacks the sanction of an oath, the test of cross-examination and facilitates the use of perjured testimony. These are sound reasons, and the rule is of great importance; but the rule is subject to many exceptions, one of which is the rule defendant seeks to invoke here. Hines v. Commonwealth, 136 Va. 728, 117 S.E. 843 (1923).
This rule recognizes that if a third person confesses extrajudicially to the crime with which defendant has been charged, and that third person is not available for trial, then his confession should be admitted. It is a statement of fact against penal interest. The rule is justified as an exception to the hearsay rule because it may well be assumed that a confessor will not speak falsely to his own hurt. 29 Am.Jr. 2d, Evidence § 541. It is a rule supported by modern convincing authority. Mason v. United States, 257 F.2d 359 (10th Cir. 1958).
In the application of the rule it has been held that one who refuses to testify because his testimony might incriminate him is considered unavailable as a witness, just as though he were beyond the reaches of the State, or had since died. If he is unavailable as a witness in this or some other sense, his confession may be used. Newberry v. Commonwealth, 191 Va. 445, 61 S.E.2d 318 (1950).
Thus in this case, since Augustine refused to answer some questions relevant to the confession issue on the grounds that the answers would incriminate him, he was, for all practicable purposes, unavailable to testify. It was error, therefore, for the trial judge to refuse to permit Shirley Lewis to testify that Augustine had said to her that he was the perpetrator of the crime with which the defendant Morrow was charged. By this ruling Morrow was denied the right to present evidence vital to his defense which he could present in no other way.