UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard LOPEZ–CRUZ, Defendant-
Appellant.

No. 72–2060.

United States Court of Appeals,
Ninth Circuit.

Nov. 30, 1972.

J. David Franklin (argued), of Odor-
ico, Franklin & Herring, San Diego, Cal.,
for defendant-appellant.

Donald F. Shanahan, Asst. U. S. Atty.
(argued), Stephen G. Nelson, Asst. U.
S. Atty., Harry D. Steward, U. S. Atty.,
San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER and TRASK,
Circuit Judges, and ANDERSON,* Dis-
trict Judge.

PER CURIAM:

Lopez-Cruz appeals from his convic-
tion on two counts of transporting aliens
in violation of 8 U.S.C. § 1324(a).

Section 1324(a)(2) is violated if a
person transports an alien illegally in
this country "knowing that he is in the
United States in violation of law, and
knowing or having reasonable grounds to
believe that his last entry into the United
States occurred less than three years
prior thereto."

The sole contested factual issue was
the knowledge element. Lopez-Cruz tes-
tified that he picked up the two Mexican
nationals as hitchhikers and that he did
not know they were here illegally. One
of the aliens corroborated his story.

The Government's main ammunition
was that, over two years earlier, Lopez-
Cruz had transported illegal aliens under
almost identical circumstances, although
he was not tried for the offense. To
prove its theory, the Government evi-
dence was limited to the testimony of a
border patrol agent. The agent was
permitted to testify, over hearsay objec-
tion, about the circumstances of his stop-
ping Lopez-Cruz on the earlier occasion.
The agent also testified that the passen-
gers in Lopez-Cruz' car told him that
they were from Mexico and had no pa-
pers to be in the United States.

* Honorable J. Blaine Anderson, United States Judge for the District of Idaho, sitting by desig-
nation.

 Even if we assume, *arguendo*, that the declarations of the aliens were against their interest,[1] the admission of the evidence was error. It is fundamental that the interest exception to the hearsay rule requires the proponent to establish the unavailability of the declarant. (Wigmore, Evidence (3d ed. 1940) §§ 1455, 1456.)[2] The Government did not meet the requirement.

The knowledge issue in this case was pivotal. The jury might have credited the defense testimony on knowledge had it not heard the highly damaging hearsay. Admission of the hearsay under the circumstances was prejudicial error.

Reversed.

1. *But cf.* Scolari v. United States (9th Cir. 1969) 406 F.2d 563, relating to admissions against penal interest.

2. Both the exception for statements against interest and the requirement of a showing of unavailability of the declarant are maintained in the proposed Rules of Evidence for the United States Courts and Magistrates (Rule 804(b)(4), revised draft, March 1971, at 124, 125).