THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALBERT EPSTEIN, Appellant.

First Department, May 31, 1973.

*Stephen Gillers* of counsel (*Elliot A. Taikeff,* attorney), for appellant.

*Albert A. Capellini* of counsel (*Daniel J. Sullivan* with him on the brief; *Mario Merola, District Attorney*), for respondent.

LANE, J. The defendant, Albert Epstein, was the owner of a residential building in the South Bronx. It was alleged that he hired one Benjamin Warren to set a fire in that building. Warren in turn hired two others named George Crespo and Carlos Rivera who in turn lured Estaban Torres into joining them. Warren set Torres on fire and then locked Crespo, Rivera and Torres in the apartment where the fire was set. Crespo died immediately and Torres and Rivera died within a

month of the occurrence. Warren and Epstein were indicted for murder and arson in the first degree. The basis for the murder count was that while acting in, concert to commit arson they caused the death of Estaban Torres, a nonparticipant in the crime. The felony-murder count was dismissed at the end of the trial when it was discovered that Torres was in fact a participant in the crime (cf. Penal Law, § 125.25, subd. 3).

While there is sufficient proof in the record to justify the conviction of Epstein, certain errors committed had the effect of denial of a fair trial and warrant reversal.

The codefendant Warren pleaded guilty in the middle of the trial. In the course of the plea Warren exculpated Epstein completely from any participation in the setting of the fatal fire. Counsel stipulated that Warren would not be called by either party as a witness at the trial.

Warren allegedly had a conversation with the District Attorney after plea but before sentence, in which Warren stated that his plea was a "cover up" and that Epstein had paid Warren to set the fire and Warren in turn paid Torres, Crespo and Rivera to actually set the fire.

In view of the stipulation, which defense counsel refused to waive, the court allowed the District Attorney on rebuttal to testify to the conversation with Warren on the theory that the statements were against Warren's penal interest. This was error.

This post-plea, presentence statement was not against penal interest when made (*United States v. Dovico*, 380 F. 2d 325 [2d Cir.]), and furthermore Warren had a motive to misrepresent the facts at that time, namely, the hope of a reduced sentence (cf. *Bunge Corp. v. Manufacturers Hanover Trust Co.*, 37 A D 2d 409, affd. 31 N Y 2d 223).

This error was aggravated by the fact that the trial was of nine weeks' duration and this most damaging rebuttal testimony, improperly admitted, was bound to prejudice the defendant since he had no opportunity of cross-examination or rebuttal.

One witness, in the presence of the jury, was warned that he may have committed perjury. The court gave this witness *Miranda* warnings and asked the prosecutor if he would bring this matter before the Grand Jury for action. This too was error. The trial court should have conducted these proceedings, if at all, without the jury being present.

These two errors alone would warrant reversal and remand for a new trial. When considered cumulatively with other errors assigned, a new trial is mandated.

Accordingly, the judgment rendered July 27, 1971 convicting the defendant after trial of arson should be reversed on the law and the case remanded for a new trial.

STEVENS, P. J., KUPFERMAN, STEUER and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on July 27, 1971, unanimously reversed, on the law, and the case remanded for a new trial.