## STATE of Maine

### v.

### Edwin CHUBBUCK.

Supreme Judicial Court of Maine.

Sept. 28, 1979.

David W. Crook (orally), Dist. Atty., Augusta, for plaintiff.

Robert E. Sandy, Jr., Waterville (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

GLASSMAN, Justice.

Following a jury trial in the Superior Court, Kennebec County, the defendant Edwin Chubbuck was convicted of burglary, Class C, (17–A M.R.S.A. § 401) and of theft by unauthorized taking or transfer, Class E, (17–A M.R.S.A. § 353). On appeal from the judgment of conviction, the defendant argues that the presiding Justice committed prejudicial error in allowing the State to introduce, for the purpose of impeachment, evidence of a prior theft conviction which was closely proximate in time to the offense charged in the indictment. We affirm the judgment.

On August 2, 1977, the Kennebec County Grand Jury returned a two-count indictment against the defendant charging him with the offenses of burglary, Count I, and theft, Count II, allegedly committed at Maine's Best Lobster Pound in Waterville on June 28, 1977. The defendant entered a plea of not guilty to each count and a jury trial commenced on April 12, 1978. After admitting evidence of prior convictions for the purpose of impeaching the defendant, the court reconsidered its ruling and granted a mistrial. Jury trial recommenced on May 10, 1978 before a different Justice of the Superior Court. After the defendant had testified on his own behalf, the State sought to impeach him by introducing evidence of his prior convictions, including evidence of his conviction on August 5, 1977 of theft by unauthorized taking or transfer. The presiding Justice sustained the defendant's objection to the proffered evidence on the ground that its prejudicial effect outweighed its probative value. The jury after deliberation was unable to reach a verdict, and a mistrial was declared.

The third trial began on July 12, 1978 with a third Superior Court Justice presiding. The State put on substantially the same evidence as in the prior trials; again the defendant took the witness stand and denied his guilt. Once again, the State sought to introduce the prior convictions into evidence for the purpose of impeachment, and the defense objected on the grounds of undue prejudice. Although excluding evidence of two prior convictions of breaking, entering and larceny and one prior conviction of breaking and entering with intent to commit larceny, the presiding Justice allowed into evidence the prior theft conviction, ruling that the probative value of this conviction outweighed its prejudicial effect.

The defendant concedes this action does not implicate the doctrine of the law of the case. *See United States v. Dovico,* 261 F.Supp. 862, 869 (S.D.N.Y.1966), *aff'd on other grounds,* 380 F.2d 325 (2nd Cir.), *cert. denied,* 389 U.S. 944, 88 S.Ct. 308, 19 L.Ed.2d 302 (1967); *State v. Hale,* 127 N.J. Super. 407, 412, 317 A.2d 731, 734 (App.Div. 1974). *See generally, Blance v. Alley,* Me., 404 A.2d 587, 589–90 (1979). The defendant also acknowledges this Court has clearly rejected the notion that evidence of conviction of the same or a similar crime is *per se* inadmissible under M.R.Evid. 609. *See State v. Gervais,* Me., 394 A.2d 1183, 1186 (1978). Rather, the defendant contends that because the prior conviction used to impeach his credibility not only was identical to one of the offenses with which he was charged but also occurred at about the same time as the alleged offense, evidence of the conviction was improperly prejudicial and should have been excluded. Rule 609 recognizes that certain convictions are relevant to the issue of veracity. Specifically, the rule provides that convictions of crimes involving dishonesty, such as a conviction of theft, are probative of credibility. *See State v. Rowe,* Me., 397 A.2d 558, 560 (1979); *State v. Toppi,* Me., 275 A.2d 805, 810 n.5 (1971). For the purpose of impeachment, therefore, a theft conviction is admissible, subject to a determination by the presiding Justice that the probative value of the conviction outweighs its prejudicial effect. By its express terms, the rule excludes convictions which are too remote in time from the trial at which the evidence is offered as having no probative value on the issue of credibility. M.R.Evid. 609(b). Nothing in the rule or in the logic of the rule requires a court to exclude evidence of convictions which are proximate in time to the offense charged.

This case is unlike *State v. Pinkham,* Me., 383 A.2d 1355, 1358 (1978), in which the presiding Justice admitted the prior conviction into evidence solely because it was of the same offense with which the defendant was charged, and unlike *State v. Roy,* Me., 385 A.2d 795, 796–97 (1978), in which the presiding Justice permitted the State to delve into the details of a prior conviction. In the instant case, the presiding Justice recognized that the use for impeachment purposes of prior convictions of the same or a similar crime posed a danger of prejudice to the defendant and that such convictions should be admitted with caution. Applying Rule 609, he carefully balanced the probative value of the prior convictions on the issue of credibility against the risk that the jury would give the evidence substantive effect as showing a predisposition to commit the crimes charged. On this basis, he excluded evidence of three prior convictions, apparently concluding their age and seriousness, together with their similarity to the more serious of the crimes charged, outweighed their probative impact on veracity, but admitted evidence of the recent theft conviction, determining that its probative value on the issue of credibility outweighed any prejudicial effect to the defendant. The manner of introducing the evidence was in accord with the dictates of *State v. Toppi, supra,* 275 A.2d at 813, and the presiding Justice carefully instructed the jury on the limited purpose for which the evidence was admitted.

This case is governed by our decision in *State v. Gervais, supra,* in which this Court upheld the exercise of discretion by the presiding Justice in admitting evidence of prior convictions of similar crimes involving dishonesty. 394 A.2d at 1187. Here, as in *Gervais,* the basic issue concerned the credibility of the defendant. The State's evidence consisted primarily of the oral testimony of two juvenile accomplices implicating the defendant; the defense was based on the defendant's testimony denying his guilt. As in *Gervais,* the record here reflects that the presiding Justice engaged in the same careful weighing of conflicting considerations required by Rule 609. Under such circumstances, we cannot say the presiding Justice abused his discretion.

The entry is:

Appeal denied.

Judgment affirmed.

ARCHIBALD, J., did not sit.