**STATE of Maine**

v.

**Richard L. HANSCOME.**

Supreme Judicial Court of Maine.

Argued March 22, 1983.

Decided April 26, 1983.

Gene Libby, Dist. Atty., Michael E. Saucier, Asst. Dist. Atty. (orally), Alfred, for plaintiff.

Thomas J. Connolly (orally), Portland, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

A grand jury indicted the defendant for violation of 17–A M.R.S.A. § 401, Burglary,

Class C (1983), and 17–A M.R.S.A. § 353, Theft, Class C (1983). The defendant's pretrial motion to exclude his eleven prior convictions was granted with regard to seven convictions and denied with regard to four convictions. After a trial in Superior Court (York County), a jury found the defendant guilty of both charges. On appeal, the defendant contends that the admission at trial of evidence of his prior convictions was prejudicial error. We deny the appeal.

At the pretrial hearing on the defendant's motion *in limine* to exclude his prior convictions under M.R.Evid. 609,[1] it was established that the defendant has had eleven convictions since 1974. Counsel conceded that the Rule 609(b) time requirements for admissibility were satisfied. It was also established that all convictions for crimes that were punishable by imprisonment for less than one year were thefts or attempted thefts. Counsel further conceded that all convictions, therefore, were potentially admissible under Rule 609(a)(1) and (2). Consequently, the only issue in the motion *in limine* involved a determination by the judge concerning whether the probative value of the evidence outweighed the prejudicial effect to the defendant.

After hearing argument by counsel and after a recess to review the case law, the court reconvened and stated:

> the Court is somewhat concerned about the prejudice resulting from the sheer volume of convictions.... And accordingly in attempting to balance the prejudice against probative value ... under Rule 609 of the Maine Rules of Evidence, I am going to permit the State to offer evidence of some of the convictions, but not all.

Accordingly, the court ruled the following convictions admissible: 1974 conviction of accessory after the fact of robbery, 1975 conviction of breaking and entering and larceny in the nighttime, 1976 conviction of theft and burglary, and 1978 conviction of theft and burglary. The court excluded the following convictions: 1981 conviction of theft; 1981 conviction of theft, aggravated assault, and escape; 1975 conviction of attempted larceny; and two 1976 convictions of theft.

The court excluded the less serious offenses, stating again, on the record, that the prejudicial effect of those convictions outweighed the probative value of their admission. The justice concluded that the evidence of the more serious convictions was more probative than prejudicial.

The court denied the State's request to introduce evidence of recent convictions to show that the defendant had remained involved in criminal activity. The court cited *State v. Chubbuck*, 406 A.2d 282 (Me.1979), as support for his ruling:

> the presiding justice [in *Chubbuck*] did exclude some prior convictions because of their age and seriousness. Now, I considered that in reviewing ... these convictions and concluded that those two recent theft convictions, one of which ... [resulted in] a hundred dollar fine and the other of which ... [resulted in] a 30-day sentence in the Cumberland County Jail ... [and] considering the terrible record that this defendant had at that time, that those offenses—were apparently not dealt with as terribly serious offenses... I have considered what would appear ...

---

1.  M.R.Evid. 609 provides, in part:

    (a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence out-

weighs the prejudicial effect to the defendant.

(b) Time limit. Evidence of a conviction under this rule is admissible only if less than 15 years have transpired since said conviction and less than 10 years have transpired since termination of any incarceration period therefor, whichever is the later date.

*See generally* Human, *Evidence Rule 609 A Hot Potato You Can Handle,* Me.B.Bul., March 1979, at 37.

to be offenses that were ... less serious than some of the others....

The testimony at trial established that a Bar Mills service station had been burglarized. Tools valued at approximately $4,000 were taken. The State's key witness, the defendant's former girlfriend, testified that she had waited in her car while the defendant and another person gained entrance to the service station, removed the tools, and put them in the car. The former girlfriend testified that she had no criminal record. The former girlfriend's sister and an acquaintance of the defendant both testified that the defendant had admitted to them that he had broken into the service station.

For the defense, the defendant and his current girlfriend testified essentially that the State's witnesses were testifying against the defendant for revenge. At the close of the direct examination of the current girlfriend, defense counsel brought out that that girlfriend had a police record. The prosecutor inquired into that police record in detail on cross-examination.[2] At the conclusion of the cross-examination, the court properly instructed the jury concerning the use of the testimony regarding prior convictions only on the issue of credibility.

At the conclusion of the defendant's direct examination, the defense counsel initiated the subject of the defendant's criminal record. Counsel elicited testimony that the defendant had previously been in serious trouble and had spent a few years in prison. On recross-examination the prosecutor interrogated the defendant in detail concerning the four prior convictions the judge had previously ruled admissible in his *in limine* decision. After a short recess at the conclusion of the defendant's testimony, the court reconvened and gave a proper limiting instruction concerning the jury's appropriate consideration of the prior conviction testimony. The justice gave a further, similar instruction during his general instructions to the jury at the conclusion of all the testimony.[3]

On appeal, the defendant argues that the admission of evidence of the defendant's prior convictions was error because the justice failed to analyze the probative value of the convictions on the defendant's veracity. Essentially, the defendant argues for the adoption in Maine of a rule requiring the establishment of "crimen falsi"[4] before allowing impeachment by prior convictions.[5]

---

2. The prosecutor's method of interrogation concerning the prior convictions of the girlfriend and the defendant was proper. *State v. Toppi,* 275 A.2d 805, 812–13 (Me.1971); Field & Murray, *Maine Evidence* § 609.5 at 27 (Supp. 1980).

3. The justice stated:
   Now, in this case, ladies and gentlemen, you will recall that I gave you a cautionary instruction regarding certain evidence that was permitted to be presented to you. You will recall there are two of the witnesses who testified that they did have previous convictions for certain crimes. Those witnesses being Debra Sanborn and Richard Hanscome. That is, they were asked whether or not they were the same persons who had previously been convicted of certain crimes. In the event you find that those witnesses did, in fact, have convictions for past criminal offenses, you consider that issue—that evidence only on the issue of the credibility or believability of that particular witness. Now, that doesn't mean that you're required to disbelieve the witness. That means that you can consider that evidence, give it such con-

sideration that you feel under all the circumstances of the case that it is entitled to. Now, as to any past convictions you find as to Debra Sanborn, you can consider—you can consider that, the fact of those convictions, only on her credibility. And as to Richard Hanscome you can consider any past criminal convictions that you find he had only as to his credibility.

4. The term encompasses "only those crimes characterized by an element of deceit or deliberate interference with a court's ascertainment of truth." *United States v. Smith,* 551 F.2d 348, 363 (D.C.Cir.1976).

5. The defendant also suggests that the court erred in not analyzing, for the record, the factors required in the balancing process under Federal Rule 609. *See United States v. Grandmont,* 680 F.2d 867, 872 n. 4 (1st Cir.1982). Specifically, the defendant argues that (1) the court did not inquire into the circumstances surrounding, or the nature of, the convictions; (2) the court did not examine the potential for prejudice to the defendant by admitting evidence of conviction similar to the offense

The defendant cites federal cases which have ruled that the "dishonesty or false statement" [6] language in Fed.R.Evid., Rule 609 pertains to crimes involving misrepresentation or other indication of a propensity to lie, such as perjury. *See, e.g., United States v. Grandmont,* 680 F.2d 867, 871 (1st Cir.1982) (robbery *per se* not crime of dishonesty; no facts in case suggesting that prior robberies were perpetrated by deceitful or fraudulent means); *United States v. Crawford,* 613 F.2d 1045, 1052 (D.C.Cir. 1979) (shoplifting may or may not be probative of lack of veracity).

■ The defendant's argument fails for two reasons. First, the justice admitted only evidence of the defendant's convictions that were punishable by one year or more. Neither the federal nor the Maine Rule 609 requires such convictions to involve dishonesty to be admissible, as long as the judge determines that the probative value of such a conviction outweighs its prejudicial effect. *Grandmont,* 680 F.2d at 870–72; *State v. Roy,* 385 A.2d 795, 797 (Me.1978).

Second, this same argument was rejected explicitly in *State v. Charest,* 424 A.2d 718, 719 (Me.1981) ("Under Maine law, it is the category of the offense which establishes whether it is an offense involving dishonesty or false statement and not the underlying facts leading to the prior conviction.") (quoting *State v. Gervais,* 394 A.2d 1183, 1186 (Me.1978) (" '[A]cts of deceit, fraud, cheating, or stealing . . . are universally regarded as conduct which reflects adversely on . . . honesty and integrity.' ") and *State v. Toppi,* 275 A.2d 805, 810 n. 5 (Me. 1971)).

■ Under applicable Maine law, in reviewing the admissibility of prior convictions for impeachment, the Law Court examines the record to ensure that the trial

justice "neither misinterpreted M.R.Evid. 609(a), thereby applying an erroneous standard of law, nor abused his discretion in admitting or excluding evidence of a prior conviction." *State v. Spearin,* 428 A.2d 381, 382 (Me.1981). We conclude that the justice committed neither error. In fact, in confronting the enormous potential for prejudice inherent in eleven prior convictions, nearly all for theft or burglary-related offenses, the justice provided a well-reasoned and careful ruling. Further, the same justice gave carefully stated limiting instructions after the testimony of the defendant and his girlfriend, as well as during the general instructions. *Spearin,* 428 A.2d at 383; *Chubbuck,* 406 A.2d at 283.

The idea behind both federal and Maine Rule 609 is to avoid unfairly portraying the defendant as a "bad person" (thus raising the spectre that a jury may convict him for that fact rather than because convinced that he committed the crime charged) and, at the same time, to permit the jury to know, when he is a witness, facts about his background that bear directly on whether the jury should believe his testimony, rather than that of opposing witnesses. *Gordon v. United States,* 383 F.2d 936, 940 (D.C.Cir. 1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968); *Roy,* 385 A.2d at 797–98. The evidence is admitted on the issue of credibility and not to show the defendant's predisposition to commit the crimes. Field & Murray, *Maine Evidence* § 609.1 at 25 (Supp.1980).

On this basis, the justice excluded evidence of seven prior convictions. The justice determined quite properly that the age and less serious nature of some of the theft convictions rendered them more prejudicial than probative and that escape and aggravated assault are not probative on the issue of credibility. *Chubbuck,* 406 A.2d at 283.

---

charged; (3) the court did not establish if any convictions involved deceit or false statement. This Court considered a similar argument in *State v. Spearin,* 428 A.2d 381, 382 (Me.1981), and concluded that under Rule 609, the court must determine that the probative value of conviction evidence outweighs its prejudicial effect. There are, however, no "magic words,"

which must appear, nor is a complete analysis expected; "[i]t is sufficient that the record reveal that the determination was in fact made." The record here reveals that the determination was made.

6. *See* M.R.Evid., Rule 609(a)(2).

The defendant's prior convictions which were admitted in evidence all involved conduct determined by this Court to reflect dishonesty. *Gervais,* 394 A.2d at 1186. Precisely because of the paramount importance of the defendant's credibility in this case, the evidence probative of his credibility was carefully but appropriately admitted. *Spearin,* 428 A.2d at 383; *Chubbuck,* 406 A.2d at 283; *Gervais,* 394 A.2d at 1187. The fact that these prior convictions resemble the present offenses charged is not sufficient to establish prejudice *per se. Chubbuck,* 406 A.2d at 283; *State v. Rowe,* 397 A.2d 558, 560 (Me.1979); *Gervais,* 394 A.2d at 1186. Further, this case may be distinguished from those in which the prior conviction is similar to the presently charged offense and neither crime is relevant to the issue of credibility. *State v. Carmichael,* 395 A.2d 826, 827–28 (Me.1978) (aggravated assault and sodomy); *Roy,* 385 A.2d at 796–97 (incest and taking indecent liberties); *State v. Pinkham,* 383 A.2d 1355, 1358 (Me. 1978) (rape and rape).

Under the circumstances of this case, we conclude that the justice properly struck the balance intended by M.R.Evid., Rule 609. His ruling was fair to the defendant, to the State, and to the jury. We find no error.[7]

The entry is

Judgment affirmed.

All concurring.

---

7. Because we find no error and because the question was not raised by the State, we need not decide whether Hanscome failed to preserve for appellate review the objection raised by his motion *in limine,* as a result of his direct testimony.