**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Diane BARNHILL, Defendant–Appellant.**

No. 01–30088.

D.C. No. CR–98–00009–EJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Nov. 15, 2001.

Before REAVLEY,* B. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM **

Diane Barnhill appeals the district court's denial of her motion for new trial. The district court did not abuse its discretion by concluding that Barnhill proffered no material, admissible evidence likely to result in an acquittal.

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9TH CIR. R. 36–3.

 Statements allegedly made by James to third parties that Barnhill had no knowledge of the burglary are inadmissible hearsay. Barnhill did not raise Rules 801(d)(2)(E) and 803(3) to the district court as bases for admissibility, and those exceptions are not available anyway. Her argument under 804(b)(3) fails because she has made no showing, or argument on appeal, that the declarant, James, is unavailable as a witness. *United States v. Lopez–Cruz,* 470 F.2d 193, 194 (9th Cir.1972) (holding that the burden is on the proponent to establish unavailability).

With respect to Barnhill's new evidence that Storck might have misidentified Barnhill, the district court was within its discretion to conclude that Storck's testimony identifying Barnhill was sufficiently specific and credible to withstand evidence that James had another girlfriend who looked similar to Barnhill.

Finally, the district court was well within its discretion to conclude that any evidence of Bill Roach's perjury was irrelevant to Barnhill's conviction, since Bill Roach never testified to any fact supporting Barnhill's conviction.

AFFIRMED.