**UNITED STATES of America**

**v.**

**Robert MOORE, Jr., Appellant.**

**No. 75–1837.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 25, 1976.

Decided April 1, 1976.

D. Robert Cervera, Washington, D.C., with whom Marvin Fabrikant, Washington, D.C. (both appointed by this court), was on the brief for appellant.

Mark H. Tuohey, III, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Regina C. McGranery, Asst. U. S. Attys., Washington, D.C., were on the brief for appellee.

Before BAZELON, Chief Judge, and MacKINNON and WILKEY, Circuit Judges.

**PER CURIAM:**

Appellant was found guilty by the district judge sitting without a jury on (1) the First Count, charging unlawful possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a), and on (2) the Second Count charging unlawful possession of a dangerous drug in violation of D.C.Code § 33–702. The viola-

tions charged in both counts related to the *same* drugs, *i. e.,* 206 tablets of phenmetrazine.

On August 20, 1975, judgment was entered sentencing appellant upon the First Count, the federal count, to imprisonment for a period of not less than one nor more than five years with a special parole term of two years to follow. We find no error in this conviction and the judgment imposed on this first count is affirmed.

The sentencing transcript, however, with respect to the Second Count indicates that the trial court indicated it would not impose any sentence on that charge, *i. e.,* the D.C. count.[1] While our decision in *United States v. Shepard,* 169 U.S.App.D.C. 353, 365, 515 F.2d 1324, 1336 (1975), made it clear that dual sentences could not be imposed under both federal and D.C. statutes for essentially the same offense,[2] to merely refuse to sentence leaves the Second Count dangling in limbo. The rule requires that a proper judgment be entered:

> If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly.           .

Fed.R.Crim.P. 32(b)(1). It therefore appears that appellant is entitled to be discharged in all respects insofar as the Second Count is concerned. Since the trial court did not fully conform to the rule in the disposition of the defendant, the case is remanded and the court is instructed to enter a further judgment discharging appellant in all respects from the charges contained in said count.

*Judgment accordingly.*

1. The Court: . . . and count two really merges into count one so I won't impose a sentence on that.
   Tr. Aug. 20, 1975, at 6.

2. *Shepard* states:
   We therefore conclude that the Government may properly charge in the same indictment offenses against both the federal bank (S&L) robbery and the local armed robbery statutes, provided that the defendant is not ultimately sentenced under two statutes proscribing essentially the same offense.[26]

[26] *See also United States v. Knight,* 166 U.S.App.D.C. 21, 509 F.2d 354 (1974), involving simultaneous convictions for federal mail robbery, 18 U.S.C. § 2114 (1970) and local armed robbery, 22 D.C.Code §§ 2901 and 3202, where the court stated:
What is impermissible is not the joinder of offense for trial . . . but the joinder of judgments even with concurrent sentences. 509 F.2d at 363.