UNITED STATES of America

v.

Charles E. STEWART, a/k/a Muhamad A. A. Salahud-Din, Appellant.

No. 77–2130.

United States Court of Appeals, District of Columbia Circuit.

July 5, 1978.

Appeal from the United States District Court for the District of Columbia (D.C. Criminal 77–00561)

Daniel G. Grove, Washington, D. C. (appointed by this court), for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Andrea L. Harnett and Richard W. Hausler, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before TAMM and MacKINNON, Circuit Judges, and MARKEY,* Chief Judge of the United States Court of Customs and Patent Appeals.

Opinion Per Curiam.

PER CURIAM:

The sole ground for appeal in this case concerns whether or not the district court abused its discretion in permitting, pursuant to Rule 609(a)(1) of the Federal Rules of Evidence, impeachment of the appellant with three prior convictions. Far from supporting the appellant's position, we find that the circumstances surrounding defendant Stewart's decision to testify and his subsequent impeachment demonstrate that the trial judge was zealous in seeking to protect the defendant from possible prejudice resulting from the introduction of his prior convictions, and that he unquestionably did not abuse his discretion in applying the balancing test mandated by Rule 609.

At the urging of defense counsel, the trial court, out of the jury's presence, held a voir dire examination of the defendant concerning the advisability of his testifying. During this conference, held at the behest of the defense attorney, the court warned Stewart—who insisted on testifying despite the advice of counsel—that evidence of his other crimes would be allowed in for impeachment purposes should he take the stand. The trial judge then dismissed the jury for the remainder of the day so that the defendant could have ample time to reconsider his desire to testify. When Stewart reaffirmed his determination to take the stand, the court, in weighing whether or not to admit his prior convictions for impeachment purposes, explicitly addressed the question of whether the evidentiary value of this testimony was outweighed by its possible prejudicial effect, compare, United States v. Smith, 179 U.S. App.D.C. 162, 551 F.2d 348 (1976), and twice instructed the jury that the evidence of

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

prior crimes was admissible only to impeach and not to show criminal proclivity.

Where the trial court has failed to address the balancing test required by Rule 609, reversal may be proper, *e. g., United States v. Smith, supra; United States v. Hairston,* 161 U.S.App.D.C. 466, 495 F.2d 1046 (1974) but where—as here—the court has explicitly balanced probative value and prejudicial effect, its decision will be reviewed only for abuse of discretion, *e. g., United States v. Wiggins,* 566 F.2d 944 (5th Cir. 1978); *United States v. Cohen,* 544 F.2d 781 (5th Cir.), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2175, 53 L.Ed.2d 224 (1977); *United States v. Mahone,* 537 F.2d 922 (7th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). There is no basis whatsoever for finding such an abuse in this case.

Not only did the court hold a hearing to discuss with the defendant the implications of his testifying, a protective step it was not required to take, *United States v. Smith,* 521 F.2d 374 (10th Cir. 1975), but moreover, any possible additional prejudice deriving from allowing in the testimony of appellant's prior convictions for impeachment was reduced at the time the appellant testified because evidence, to which no objection was made, was already before the jury that Stewart had served some eighteen years in jail. At the same time, impeaching the defendant's credibility was of considerable significance to the government, as Stewart had indicated that he would testify denying all the allegations made by the government. Given such a situation of direct conflict in testimony, it is obviously of paramount importance that the jury have before it all information which might reflect on the truthfulness of the witnesses who testify. *See Luck v. United States,* 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).

The court, which severed certain counts before trial because they alluded to Stewart's prior record, allowed the defendant an opportunity to comment on his past convictions and insured that the jury understood that they were not to consider the defendant's past crimes as evidence that he had committed those for which he was on trial. Moreover, as there was no objection made at the time, appellant must bear the added burden of showing not only abuse of discretion, but also "plain error" in the court's admission of Stewart's prior convictions—a difficult showing to make in any case, *see, e. g., United States v. Blackshear,* 568 F.2d 1120, 1121–1122 (5th Cir. 1978). Throughout the trial, the court made every effort—short of excluding the testimony—to minimize any improper prejudicial effect from the admission of evidence of the prior convictions. It does indeed seem to be the case that the 1975 revision of rule 609 was intended, at least as far as convictions not involving *crimen falsi* are concerned, to afford the criminal defendant some additional protection against the prejudicial effects of the admission of his prior convictions for purposes of impeachment. We have held that under 609, "the prosecution now must bear the burden of establishing that prior conviction evidence should be admitted," *United States v. Smith, supra,* 179 U.S.App. D.C. at 174, 551 F.2d at 360; *compare United States v. Brown,* 155 U.S.App.D.C. 177, 476 F.2d 933 (1973). Even so, in light of the defendant's intended denial of the facts on which the government's case was premised and the care which the trial court took to minimize any improper prejudicial effect of admitting Stewart's prior convictions, we cannot say that the trial court abused its discretion in determining that the government had discharged its burden. If we were to hold that there had been an abuse of discretion in this case, it is hard to see what discretion we would in fact have left the trial court to perform the balancing of probative value and prejudicial effect for which Rule 609 specifically calls. On this record, even if we were trying the case, we would be inclined to take the same course as that chosen by the trial judge; and, being mindful of the "inescapable remoteness of appellate review," *Gordon v. United States,* 127 U.S.App.D.C. 343, 383 F.2d 936, 939 (1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968), we will not, sitting as an appellate tribunal, reverse

the discretionary action of the district court.

*Judgment affirmed.*