**UNITED STATES of America**

v.

**Faye Margaret CRAWFORD a/k/a Faye Margaret Powell, Appellant.**

**No. 79–1373.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 15, 1979.

Decided Nov. 29, 1979.

---

David O. Simon * with whom Michael E. Geltner and Victor H. Kramer, Washington, D. C. (appointed by this Court), were on the brief, for appellant.

Elliot R. Warren, Asst. U. S. Atty., Washington, D. C., with whom Carl S. Rauh, U. S. Atty., John A. Terry, Michael W. Farrell and James F. Rutherford, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before LEVENTHAL,** ROBB and WALD, Circuit Judges.

Opinion for the Court filed by Circuit Judge WALD.

WALD, Circuit Judge:

Petitioner's federal conviction for possession of narcotics with intent to distribute, now before us, was the subject of a previous opinion by this court. We remanded that conviction[1] for further proceedings consistent with Rule 609(a) of the Federal Rules of Evidence governing the admissibility of previous convictions for impeachment purposes. In view of this court's prior opinion, we find the district court's actions on remand with regard to that rule insufficient. Accordingly, we return the case to the trial judge for further consideration of the admissibility of Crawford's prior shoplifting conviction under Rule 609(a).

---

\* Student Counsel.

\*\* Judge Leventhal concurred in this opinion but died before it was announced.

1. Petitioner was convicted of one federal and one District of Columbia narcotics charge for the same actions. In our previous opinion, we ordered that one or the other of those convictions was to be vacated; on remand, the district court vacated the District of Columbia conviction. See note 10, *infra*.

## I. INTRODUCTION

Petitioner, Faye M. Crawford, was before this court in *United States v. Dorsey*, 192 U.S.App.D.C. 313, 591 F.2d 922 (1978), challenging her narcotics and firearm convictions in part because the district court allowed the government to elicit an admission from her on cross-examination that she had earlier been convicted of shoplifting. Crawford's defense to the narcotics and firearms charges below was to deny any connection with the drugs involved and to explain as coincidental (1) her presence in the house where they were found and (2) her possession of the illegal firearm in question, when the police arrived with a search warrant. Thus, her credibility was clearly at issue in the trial.

This court remanded the case to the district judge for reconsideration in light of Rule 609(a) which allows a witness' credibility to be impeached on cross-examination by eliciting an admission of a prior conviction "only if" (1) the previous crime was punishable by death or imprisonment of more than a year and "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant," or (2) the previous crime involved "dishonesty" or a false statement. Fed.R.Evid. 609(a).

Our prior opinion noted that the trial judge made no determination of the kind subsection (a)(1) requires. That opinion also noted that the Maryland shoplifting statute under which Crawford may have been convicted enumerates five different types of offenses, at least one of which does not qualify under subsection (a)(2) as a crime involving dishonesty. There was nothing in the record before us then to indicate which section of that statute was the basis for Crawford's prior conviction (or, indeed, whether that was the statute under which she was convicted [2]). The case was remanded with instructions that the

district court, *inter alia*, reconsider the admissibility of Crawford's prior shoplifting conviction.

Without conducting any further hearing or inquiry of any kind on whether the probative value of admitting the shoplifting conviction into evidence outweighed its prejudicial effect on Crawford and without requiring the government to come forward with evidence as to the nature of the prior conviction or the circumstances surrounding it, the district court found that Crawford's admission was properly received into evidence.

While we do not necessarily require a full evidentiary hearing by the district court in Rule 609(a) cases, we feel constrained to find the district court proceedings on remand in this case inadequate.

## II. PRIOR PROCEEDINGS

The factual background of Crawford's narcotics and firearms conviction is set forth in our prior opinion. 192 U.S.App. D.C. at 316–19, 591 F.2d at 925–28. For the purposes of this appeal, the following facts are relevant.

During a police search pursuant to a warrant of a house in Washington, D. C., Crawford was found with several other people in a bedroom where there was a substantial quantity of heroin packaged in plastic bags on top of a dresser and in a paper bag on the floor. The police also found a .25 caliber automatic pistol with obliterated serial numbers in Crawford's purse. She was subsequently charged with: one federal narcotics offense and two federal firearms offenses, along with one District of Columbia narcotics charge and two such firearms charges. The federal offenses were (1) possession of a narcotic drug with intent to distribute; [3] (2) receipt of a pistol in interstate commerce with the serial number removed; [4] and (3) unlawfully carrying a pis-

---

**2.** The government's brief in this appeal asserts that Crawford was in fact convicted for shoplifting under the Maryland statute cited in our first opinion. But that fact apparently was never explicitly brought to the trial court's attention.

**3.** 21 U.S.C. § 841(a) (1976).

**4.** 18 U.S.C. § 922(k) (1976).

tol during the commission of a felony.[5] The local charges were (1) possession of a narcotic drug;[6] (2) carrying a pistol without a license;[7] and (3) obliteration of identifying marks on a firearm.[8]

At a pretrial hearing, Crawford's lawyer orally moved the trial judge to prevent the prosecution from questioning her as to previous larceny convictions if she took the stand to testify in her own defense. The following colloquy occurred:

> Mr. Peek: [for Ms. Crawford] [My question] has to do with prior petty larceny convictions of my client as to whether or not they can be used.
>
> My understanding is that it is [sic] the Court's discretion. I would think that it would be prejudicial to her, and I certainly do prefer they not be used since she is going to testify.
>
> Mr. Fox: [for the government] [T]here are several petty larcenies . . . .
>
> . . . . .
>
> My request would be to use the petty larcenies because it seems to me they relate to credibility and honesty.
>
> . . . . .
>
> The Court: What were the outcomes with the petty larcenies? How long ago were they? What conditions were imposed and what were the sentences?
>
> Mr. Fox: One was recently a shoplifting in Maryland. And the other is—they are all within the last ten years. I have the information at my desk.
>
> The Court: I would suggest that you use the most recent one.
>
> Mr. Fox: All right.
>
> . . . . .
>
> Mr. Fox: And just for the record . . . Fay[e] Crawford's most recent shoplifting she is now serving time on in Maryland is 1977.

> She also has a petty larceny in 1975 and attempted petty larceny in 1974.

Tr. 91–92.

When Crawford testified at trial, she denied any connection with the heroin. She admitted possession of the pistol when apprehended but asserted it was given to her after she entered the dwelling. Crawford explained her visit to the premises by asserting she had lived there at one time and had come there simply to use the telephone and to talk with friends. The only fact relating to the heroin charges she admitted was being in the bedroom where the heroin was found by the police.

On cross-examination, Crawford was asked by the government (pursuant to the district court's pretrial ruling): "Are you the same Faye Powell Crawford who was convicted of shoplifting in Maryland this year?" Crawford responded: "I am." *Id.* at 385–86. The jury subsequently found her guilty of all but the District of Columbia charge of obliterating the identifying marks on a firearm.

As this court noted in *Dorsey*, Crawford's credibility was a key issue in the trial:

> To convict appellant on both heroin offenses, the jury first had to disbelieve her testimony that she had no connection with the heroin. It then had to rely on several facts that she disputed, since the only uncontradicted fact on which the government relied to connect her with the heroin was her presence in the room where the narcotics were found. Moreover, those controverted facts that the government relied on—(a) that Crawford had $249 in cash on her person during the raid, (b) that she told a police officer she could "beat this case because I am an addict" and (c) that the officer heard her tell someone over the phone that "[t]hey got me with your stuff,"—were ambiguous at best with respect to intention to distribute.

---

**5.** *Id.* § 924(c)(2).

**6.** 33 D.C.Code § 402 (1973).

**7.** 22 D.C.Code § 3204 (1973).

**8.** *Id.* § 3212.

192 U.S.App.D.C. at 327 n.17, 591 F.2d at 936 n.17.

Our earlier opinion found that a violation for shoplifting in Maryland could fall within Rule 609(a)(1) because that offense is punishable by imprisonment for more than one year regardless of whether the offense is a felony (when items valued at $100 or more are taken) or a misdemeanor (less than $100). *Id.* at 325, 591 F.2d at 934. But we noted that the trial judge "made no determination of the kind required by [Rule 609(a)(1)] . . . as a *sine qua non* of admissibility to impeach . . . ." *Id.* at 325–26, 591 F.2d at 934–35 (emphasis in original).

We also rejected the government's argument that shoplifting inherently involves "dishonesty" under Rule 609(a)(2) and is therefore admissible without the finding required by 609(a)(1) that the probative value of the offense outweighs its prejudicial effect. Although the statutory basis for the shoplifting conviction was not in the record, we could locate only one Maryland shoplifting statute, 27 Md.Ann.Code § 551A (1976 & Cum.Supp.1977), subsection (a) of which lists five ways an offense can be committed.[9] In our prior opinion we found that at least the first type of shoplifting listed in that statute is not *per se* deceitful and concluded: "Hence, without knowing if, and under which subsection, Crawford was convicted of shoplifting under section 551A(a), or at least the circumstances of her offense, we are unable to uphold admissibility under 609(a)(2)." 192 U.S.App.D.C. at 327, 591 F.2d at 936. The case was remanded, therefore, as to one narcotics conviction,[10] with the following instruction:

. . . The trial court must also, as to her remaining heroin-related conviction, reconsider the admissibility of her prior shoplifting conviction under Rule 609(a); if it decides that the prior conviction was admissible, the conviction stands, subject to further review on appeal; if it decides that it should have

---

**9.** That statute provides in pertinent part:

§ 551A. Shoplifting.

(a) *What constitutes.*—In any mercantile establishment, it is unlawful for any person

(1) To remove any goods, wares or merchandise from the immediate place of display or from any other place within the establishment with the intent to appropriate the same to the use of the person so taking, or to deprive the owner of the use, or value, or any part thereof; or

(2) To obtain or attempt to obtain possession of any goods, wares or merchandise, by charging the same to a real person without the authority of such person, or to a fictitious person, with a like intent; or,

(3) To conceal any such goods, wares or merchandise with a like intent; or,

(4) To alter, remove, or otherwise disfigure any label or price tag with a like intent; or,

(5) To transfer any goods, wares or merchandise from a container in which the same shall be displayed or packaged to any other container with a like intent; and any person committing any of the acts mentioned is guilty of shoplifting.

27 Md.Ann.Code § 551A(a) (1976).

**10.** The court found Crawford's dual convictions under the local possession of narcotics statute (33 D.C.Code § 402 (1973)) and the federal statute proscribing possession of narcotics with intent to distribute (21 U.S.C. § 841(a) (1976)) to be impermissible, because both convictions involved the same drugs and the same actions by the defendant. 192 U.S.App.D.C. at 328, 591 F.2d at 937. *See United States v. Moore,* 175 U.S.App.D.C. 103, 104, 533 F.2d 1238, 1239 (1976) (*per curiam*); *United States v. Knight,* 166 U.S.App.D.C. 21, 26, 509 F.2d 354, 363 (1974). This court reached effectively the same conclusion regarding Crawford's conviction for the federal crime of unlawfully carrying a pistol in the commission of a felony (18 U.S.C. § 924(c)(2) (1976)) and the District of Columbia offense of carrying an unlicensed pistol (22 D.C.Code § 3204 (1973)). 192 U.S.App.D.C. at 330, 591 F.2d at 939. We therefore directed the trial court to vacate (1) one or the other of the two heroin convictions and (2) either Crawford's conviction under 18 U.S.C. § 924(c)(2) or 22 D.C.Code § 3204. 192 U.S.App.D.C. at 328, 330 & 334, 591 F.2d at 937, 939 & 943. The trial court subsequently vacated the convictions on the local statutes in both cases. Additionally, we directed the trial judge to resentence Crawford on the 18 U.S.C. § 922(k) conviction (receipt of a pistol in interstate commerce with the serial number removed) because he inadvertently referred to the language of related local statutes rather than § 922(k) when imposing sentence. As discussed *infra,* see note 11, the district judge subsequently resentenced her to time served for that conviction as well as for the other two which were not vacated.

been excluded, the conviction is reversed and a new trial ordered.

*Id.* at 334, 591 F.2d at 943.

After the remand, Crawford filed a nine-page memorandum with the district court asking for a retrial. Relying on our prior opinion and on *United States v. Smith*, 179 U.S.App.D.C. 162, 551 F.2d 348 (1976), she maintained that the burden of proof is on the government under both 609(a)(1) and (a)(2) to establish the admissibility on cross-examination of an admission to a prior conviction. Regarding 609(a)(1), Crawford argued in that memorandum:

> . . . A shoplifting conviction has little probative value on the issue of truthfulness; however, admission of this evidence was necessarily extremely prejudicial to Ms. Crawford's defense. The prior conviction does not bear on the issue of the defendant's guilt on the instant charge, but might lead the jury to conclude that since Ms. Crawford had violated the law in the past, it was more likely that she was guilty of the current charge. Therefore the Court is requested to find that the prior conviction is not admissible under Rule 609(a)(1) standards and to vacate her conviction accordingly.

The government apparently filed nothing in response to Crawford's memorandum—neither a memorandum opposing Crawford's view of the law nor evidence relating to the nature of her shoplifting conviction or the circumstances surrounding it.

The district court held a hearing to implement this court's remand, vacated the local narcotics conviction and concluded, with respect to the Rule 609 issue, simply: "I am going to make the finding that the prior conviction was admissible because the probative value outweighed the prejudicial effect." [11]

## III. THE NEED FOR ANOTHER REMAND

The government views the standard of review in this case to be whether the district court abused its discretion in making the explicit finding that the probative value of Crawford's prior shoplifting conviction outweighed the prejudice to her resulting from its admission into evidence. We believe, however, that the threshold question is whether there was sufficient information before the trial court for that finding to be made at all. In view of the concerns we expressed in *Dorsey* about the lack of information before the trial court on the nature and circumstances of the shoplifting conviction, we reject the government's simplistic view of our function here. We are not reviewing the merits of the district court's finding on remand but rather the actions it took (or did not take) in view of our prior opinion, to insure that such a finding was properly made.

We do not go so far as to hold that each time an issue of admissibility of a prior conviction arises under 609(a) the district court must conduct a full fledged hearing followed by an explanation in defense of its decision to allow use of the prior conviction for impeachment. But we do adhere to our prior opinion in *United States v. Smith*, 179 U.S.App.D.C. 162, 171 n.17, 551 F.2d 348, 357 n.17 (1976), that "some indication of the reasons for the finding can be very helpful" (if not essential) for meaningful appellate review.

We disagree with the government that, despite the absence of any inquiry at all as to the nature or circumstances of the shoplifting conviction, "it can fairly be presumed" that the trial judge was aware of and fully weighed the many crucial considerations applicable to the balancing test of 609(a)(1) because of his experience on the bench. Govt.Br. 6.[12] The government also

---

11. Before the court amended her sentence, Crawford's lawyer stated: "Miss Crawford is here to admit her entire—although she doesn't have to—admit her entire participation in [the federal charge of possessing narcotic drugs with intent to distribute] . . . as part of her rehabilitation." The district court then re-

sentenced Crawford under the three remaining convictions to the 22 months she had already served, imposing a parole term of two years.

12. Crawford's lawyer did not specifically object to the absence of an inquiry preceding the 609(a)(1) finding at the resentencing hearing

relies on the skeletal facts as to the time and place of the conviction elicited at the pretrial hearing (set out above) to buttress its argument that the record before the trial court was sufficient to support its 609(a)(1) finding. *Id.* at 7–9. Yet, when the case was here before, this court specifically addressed the inadequacy of that colloquy:

> Although the trial judge in the transcript before us at one point asked some questions about the circumstances of the petty larcenies referred to by the prosecutor, . . . [the trial judge] did not pursue the matter when the prosecutor accepted . . . [the trial judge's] suggestion that . . . [the prosecutor] "use the most recent one." We know no more about that one than the prosecutor's characterization of it in his cross-examination of appellant, *i. e.*, "shoplifting in Maryland this year?"

192 U.S.App.D.C. at 325, 591 F.2d at 934 (footnote omitted).

We found then that it was insufficient for the trial court to focus only on the age of the prior conviction and rejected the court's apparent conclusion that "so long as the prior conviction used for impeachment was 'recent,' there were no other problems as to its admissibility." *Id.* at 325 n.13, 591 F.2d at 934 n.13. Since then, nothing new has been added to our information about the conviction.

At oral argument this time government counsel took somewhat of a new tack and argued that our prior opinion's requirement for more information about the nature and circumstances of Crawford's shoplifting conviction was directed solely toward its admissibility under 609(a)(2). Since the district court's finding on remand was that the shoplifting conviction's probative value out-

weighed the prejudice to Crawford, a prerequisite to admissibility under 609(a)(1), not 609(a)(2), the government contends that further information about the prior conviction was unnecessary. We do not read our prior opinion so narrowly.

It is true that some of our language in *Dorsey* calling for additional information about the shoplifting conviction is directed specifically at 609(a)(2). See 192 U.S.App. D.C. at 326–27, 591 F.2d at 935–36. But it was in the one paragraph in our prior opinion clearly addressed to 609(a)(1) where we opined "[w]e know no more about [the shoplifting conviction ultimately admitted into evidence at trial] . . . than the prosecutor's characterization of it in his cross-examination of appellant, *i. e.*, 'shoplifting in Maryland this year?' " *Id.* at 325, 591 F.2d at 934.

We read that paragraph in *Dorsey* as a clear indication that the district court needed to know more about the shoplifting conviction to find it admissible under 609(a)(1) as well as under 609(a)(2). In addition, had this court been satisfied that a bare finding under 609(a)(1) would have sufficed without the trial court delving more deeply into the nature and circumstances of the shoplifting conviction, we would hardly have remarked that "[t]he preferred, if indeed not the required, course is undoubtedly for the trial court to make 'an explicit finding in terms of the Rule' and to give 'some indication of the reasons for the finding . . . .' " *Id.* at 326 n.14, 591 F.2d at 935 n.14, *citing, inter alia, United States v. Smith, supra.* Finally, in the prior appeal it was the prosecution which "argue[d] primarily that Rule 609(a)(2) authorized admission of the prior conviction," *id.* at 326, 591 F.2d at 935, and so channelled the bulk of our decision toward that subsection.[13]

held on remand. The transcript of that hearing clearly shows, however, that Crawford's lawyer expected and obtained a lenient resentence to time already served (22 months). The original sentence for Crawford's convictions, to be served concurrently, was two to six years for two of the convictions, three years for one conviction and one year for another (there was no sentence imposed for the fifth charge on

which she was convicted). The simultaneous 609(a)(1) determination and the resentencing hearing explain the defense counsel's reluctance to press the inquiry point on 609(a)(1).

**13.** The first time Crawford was before us, we noted that in the pretrial hearing prosecution counsel sought to introduce Crawford's prior larceny convictions "because it seems to me they relate to credibility and honesty." 192

In addition, we do not read our mandate in *Dorsey* as narrowly as the government for other compelling reasons inherent in Rule 609(a)(1) itself. Many factors are relevant in the district court's exercise of its discretion in determining whether to admit prior convictions for impeachment purposes. In *Luck v. United States*, 121 U.S.App.D.C. 151, 157, 348 F.2d 763, 769 (1965), and in *Gordon v. United States*, 127 U.S.App.D.C. 343, 347, 383 F.2d 936, 940 (1967), a successor to *Luck*, we identified several such considerations. Those cases of course predate the adoption of Rule 609, and some of the factors they list may no longer remain relevant under 609(a)(1), because "the inquiry to be conducted by the trial court under Rule 609(a) differs significantly from that mandated by *Luck* and its progeny." *United States v. Smith, supra*, 179 U.S.App.D.C. at 171, 551 F.2d at 357.

 But we do agree, as the government argues, that the first of the five factors noted in *Gordon* (the impeachment value of the prior crime) is pertinent to the admissibility of Crawford's shoplifting conviction under 609(a)(1). The Second Circuit in determining whether to admit prior convictions for impeachment purposes under 609(a)(1) has also said that "[p]rime among . . . [the relevant factors] is whether the crime, by its nature, is probative of a lack of veracity." *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977). The government, however, goes on to contend that because the crime here involved stealing, it therefore "relates to the question of

a witness' veracity." Govt.Br. 8. This assertion, however, is merely a variation of the government's previously unsuccessful argument that Crawford's prior crime was automatically admissible under 609(a)(2) as one involving "dishonesty," 192 U.S.App. D.C. at 326–27, 591 F.2d at 935–36, a claim also expressly rejected by us in *United States v. Smith, supra*, 179 U.S.App.D.C. at 178–79, 551 F.2d at 364–65.

 Shoplifting may or may not be probative of a lack of veracity, depending on the nature and circumstances of the crime. It can range from an impulsive "grab and run" in full view of store officials, to a discreet slipping of merchandise into a handbag, or even to an outright lie about one's identity or ownership of a credit card. Without evidence of the nature of the crime at issue here or its surrounding circumstances, the district court simply could not determine how probative (if at all) Crawford's shoplifting conviction may have been on her propensity to tell the truth in denying any connection with the heroin she was charged with possessing.[14] Without securing more information regarding the shoplifting conviction, the district court could not make the "proper inquiry" this court ordered in *Dorsey* under either 609(a)(1) or (a)(2). 192 U.S.App.D.C. at 327, 591 F.2d at 936.

The inadequacy of the government's showing here for purposes of 609(a)(1) is highlighted by questions the trial judge

---

U.S.App.D.C. at 324, 591 F.2d at 933. As we noted in *Dorsey*, although the government relied principally on 609(a)(2), that statement by the prosecution indicates that the government itself appeared to be invoking 609(a)(1) as well as 609(a)(2) at the pretrial hearing:

. . . "Honesty," of course, might in this context be thought to be a simple use of the converse of the "dishonesty" included in Rule 609(a)(2), but "credibility" bears no relation to that part of the Rule; it would be relevant only to Rule 609(a)(1), which requires a judicial balancing of probativeness against prejudicial effect as a prior condition of admissibility.

*Id.* at 325, 591 F.2d at 934.

**14.** The government argues that Crawford's action in taking the stand with knowledge that

her prior conviction would be admitted into evidence establishes that in her mind the possible prejudice was not substantial. Govt.Br. 9. The right to take the stand in self defense is however too important a right to be conditioned—even by inference—on a waiver of any right a defendant has under Rule 609. At the remand hearing, Crawford admitted, "as part of her rehabilitation," her involvement in the federal charge (21 U.S.C. § 841(a) (1976)) of *possessing heroin with the intent to distribute it.* But whether Crawford testified truthfully at her trial on that charge is not now before us. The only question here is whether her prior shoplifting conviction should have been admitted.

himself asked the prosecution at the pretrial hearing, some of which are still unanswered: (1) "What were the outcomes with the petty larcenies?"; (2) "How long ago were they?"; (3) "What conditions were imposed[?]"; and (4) "[w]hat were the sentences?" We do not suggest that the prosecution would have necessarily satisfied a 609(a)(1) inquiry by answering all four questions (rather than just the first two) but even answers to those latter two inquiries might have provided more of a basis on which the district court could have based its decision to admit one of Crawford's prior convictions. They might also have triggered a more thorough discussion of the question by both sides and allowed the district court's finding to pass muster.

In *United States v. Mahone*, 537 F.2d 922, 928–29 (7th Cir. 1976), the Seventh Circuit found no reversible error in the trial court admitting a prior conviction under 609(a)(1) after an informal inquiry where the nature of prior conviction, its possible prejudice to the defendant and the procedures to be followed in putting it into evidence were explored. For the future, however, the court urged trial judges to make the required 609(a)(1) finding only after a hearing on the record.

> . . . When such a hearing on the record is held and . . . an explicit finding [that the probative value of a prior conviction outweighs its prejudicial effect on the defendant] is made, the appellate court easily will be able to determine whether the judge followed the strictures of Rule 609 in reaching his decision.

*Id.* at 929 (citation omitted).

As we recognized in *Smith*, in approving Rule 609(a) Congress clearly intended to change prior case law (including this court's *Luck* and *Gordon* decisions) and shift the burden of proof in establishing the admissibility of prior convictions from defendants to the government. 179 U.S.App. D.C. at 173–74, 551 F.2d at 359–60. In view of that, the Seventh Circuit in *Mahone* set forth what it envisioned as appropriate procedures for future 609(a)(1) inquiries, including an initial showing by the government of the prior crime's circumstances and an opportunity for the defendant to establish the prejudicial effect of its admission. 537 F.2d at 929. We are not deciding that such proceedings on the record are always necessary.[15] But we do hold that some inquiry into the nature and circumstances of a prior conviction is a prerequisite to its admissibility under Rule 609(a).

## IV. CONCLUSION

Our prior remand on 609(a) concerned only Crawford's heroin convictions, one of which has since been vacated (as we directed); Crawford's two remaining firearms felony convictions are not now before us. Furthermore, she is out of prison now.

A federal conviction for the crime of possessing heroin with the intent to distribute is nevertheless a significant mark against Crawford; as just one example, she remains on parole at least in part as a result of that conviction. There is also always the possibility that the trial court may find her shoplifting conviction inadmissible after consideration of its nature and surrounding circumstances, and the chance that another jury would find Crawford's testimony believable and acquit her.

Therefore, we remand this case to the district court for further consideration of the admissibility of Crawford's prior shoplifting conviction, pursuant to this opinion.[16]

---

15. In *United States v. Stewart*, 189 U.S.App. D.C. 195, 196, 581 F.2d 973, 974 (1978) (*per curiam*), citing *United States v. Smith*, 521 F.2d 374 (10th Cir. 1975), this court remarked that the trial judge need not hold a hearing in considering the admissibility of a prior conviction for impeachment purposes. Both *Stewart* and the Tenth Circuit's opinion in *Smith* predate the adoption of Rule 609, however. Additionally, in each of them a hearing of some sort had been held, thus the question of whether a hearing is necessary (for whatever purpose) was not presented nor decided in either case.

16. Although we note that the burden of proof in 609(a) cases is clearly on the prosecution rather than the defendant, the critical objective is to get appropriate information about the prior conviction before the trial judge. We establish no rules about how that should be done.

In our prior opinion, we rejected the government's argument that the admission of that prior conviction, even if improper under Rule 609(a), was harmless error. 192 U.S.App.D.C. at 327, 591 F.2d at 936. Thus, if the district court concludes that the prior conviction should not have been admitted, Crawford's federal heroin conviction will have to be reversed and a new trial held, if the government decides to pursue the matter. If, on the other hand, the trial court concludes after the proper inquiry that the balance between probative value and prejudice still tips in favor of admissibility, or that the shoplifting charge for which Crawford was convicted involved dishonesty or a false statement, Crawford's federal heroin conviction will stand.